## MARY ROBINSKA *vs.* LYMAN MILLS.

Hampden.    September 26, 27, 1899. — October 20, 1899.

Present: HOLMES, C. J., KNOWLTON, LATHROP, & HAMMOND, JJ.

*Personal Injuries — Master and Servant — Dangerous Machine — Action —*
*Obligation to warn of Danger.*

A woman, who did not speak English, and had no other knowledge of machinery
than what she had got in a few days during which she was learning to work in
a mill, was told to clean with a brush a machine for cleaning cotton, some way
in from the back of which was a cylinder covered with needles, revolving away
from her, the greater part being concealed by a cover, so that only the top
could be seen, which she did not see, and she did not know that the cylinder
had needles on it or was in motion, although it made a good deal of noise, and
there was cotton lint in this place which would not come off when brushed. She
put in her fingers and was injured. *Held,* that she could not maintain an action
against her employer for the injury, on the ground that she should have been
warned of the danger.

TORT, for personal injuries, occasioned to the plaintiff by the
alleged negligence of the defendant, while in its employ.   At
the trial in the Superior Court, before *Maynard,* J., the jury re-
turned a verdict for the plaintiff; and the defendant alleged
exceptions.   The facts appear in the opinion.

*W. Hamilton,* ( *W. H. Brooks* with him,) for the defendant.

*A. L. Green,* for the plaintiff.

HOLMES, C. J.   This is an action for personal injuries suffered
by the plaintiff while, as she alleges, in the defendant's employ.
The plaintiff had got leave to come into the defendant's mill in
order to learn how to work.   She was not paid, but we shall as-
sume for the purposes of decision that she rendered enough ser-
vices to the defendant to warrant the inference that she had the
rights of a regular employee.   She had come recently from
Warsaw, did not speak English, and had no other knowledge of
machinery than what she had got in the few days during which
she had been learning.   The machine upon which she was hurt
was a machine for cleaning cotton.   She was told to clean the
back of it, and had a brush for the purpose.   It is enough to say
that some way in from the back of the machine there was a
cylinder covered with needles, revolving away from the plaintiff
and near to the edge of what was called a nipper plate above

and parallel to it. The nipper plate rose and fell to within about one sixty-fourth of an inch from the cylinder. The greater part of this cylinder and the whole of two others below it and nearer to the plaintiff were concealed by a cover, so that only the top of this cylinder could be seen. The plaintiff said that she did not see that, and did not know that the cylinder had needles on it or was in motion. The machine was going, however, and making a good deal of noise. According to the plaintiff's account there was cotton lint in this place which would not come off when she brushed, and so she put in her fingers and got caught. She seeks to recover on the ground that she should have been warned of the danger.

It seems to us that the plaintiff sets the defendant's duty too high. There is no suggestion that the machinery was improper, and there are limits to the obligation of an employer to point out the dangers of proper machinery. The obligation is imposed mainly for the sake of the young who have not the experience or power to look out for themselves which are to be expected in adults, or, in the case of adults, where there are concealed defects. The plaintiff was mature, and the fact that she did not speak our language gave her no special rights. The defendant was entitled to assume that she knew the danger of such a combination as we have described, (*Lowcock* v. *Franklin Paper Co.* 169 Mass. 313); and although she says that she did not know that it was there, she could have seen it if she had looked with any care. If she saw fit to put her hand into the recesses of a going machine without knowing what she would meet, she cannot hold other people answerable for the consequences. The defendant was not bound to anticipate and warn against such conduct. In *De Costa* v. *Hargraves Mills*, 170 Mass. 375, the plaintiff was told to remove clogs from a machine which was in motion. An experienced man could do it while the machine was in motion, and the picker boss did so in the plaintiff's presence, so that there was color for the argument that the plaintiff was directed to do what he did. If he was directed to do it, then, as the danger was more or less hidden, it was possible to contend that he had been led into a trap. But there are no such circumstances here. See *Ford* v. *Mount Tom Sulphite Pulp Co.* 172 Mass. 544, 545.        *Exceptions sustained.*