MICHAEL H. KELLEY *vs.* CALUMET WOOLEN COMPANY.

Worcester.    October 2, 1900. — October 19, 1900.

Present: HOLMES, C. J., KNOWLTON, MORTON, LATHROP, & HAMMOND, JJ.

*Personal Injuries — Assumption of Risk — Due Care — Negligence.*

An employee was working in front of a spinning mule under incandescent electric lights, which went out, and the room was dark for a minute and a half or two minutes. He stooped to reach the shipper with his left hand in order to stop the machine, and a finger of his right hand went into the quadrant gear and was crushed before he could pull the shipper. He was experienced, had been in the defendant's employ for four months, had worked on the machine in the evenings for four or five weeks, and knew its construction and understood it. As strengthening his case, the plaintiff relied on the facts that he had been told by the foreman to stop his machine when going in or out when anything happened, and that he reached to get hold of the shipper to save himself. *Held*, that, even assuming that he did not take the risk, it did not appear that, with proper care and with the deliberation which there was nothing to disturb, he could not have kept his right hand out of the way.

TORT, for personal injuries. Trial in the Superior Court, before *Bell,* J., who directed the jury to return a verdict for the defendant; and the plaintiff alleged exceptions, which appear in the opinion.

*E. H. Vaughan & F. P. Brady*, for the plaintiff.

*H. Parker & C. C. Milton*, for the defendant.

HOLMES, C. J. This is an action for personal injuries suffered by the plaintiff in consequence of his putting his fingers into the quadrant gear of a spinning mule while in the dark. At the trial the judge took the case from the jury, and his ruling is before us on exceptions. The plaintiff was working in front of the mule under incandescent electric lights. They went out, and the room was dark for a minute and a half or two minutes. He stooped to reach the shipper with his left hand in order to stop the machine, and a finger of his right hand went into the quadrant gear and was crushed before he could pull the shipper. He was an experienced spinner, had been in the defendant's employment for four months, had worked on the machine in question in the evenings for four or five weeks, and knew its construction and understood it. So far as appears the

electric lighting apparatus was in use when he began to work on this machine and when he was employed by the defendant. It is well known that electric lights have been found liable to intermissions in their shining, and the plaintiff had had experience of the liability in this place several times before the night of the accident. *Carrigan* v. *Washburn & Moen Manuf. Co.* 170 Mass. 79. On the evidence it is hard to see why the plaintiff did not take the risk of whatever danger there may have been.

But further, if the plaintiff had not taken the risk, and if there is any evidence of negligence on the defendant's part in using a common form of electric light, we still should think the ruling right.

Two pieces of testimony are relied on as strengthening the plaintiff's case, although on somewhat inconsistent grounds. One is that he had been told by the foreman to stop his machine when going in or out when anything happened. The other, that he reached to get hold of the shipper to save himself. It seems to us that neither of these gives the plaintiff any real help. The order manifestly had no reference to such occasions as the momentary darkening of the electric light. The plaintiff did not pretend in his testimony that he acted in consequence of the darkness being prolonged. The import of his words is that when the lamps went out he tried to stop the machine at once. So far as appears he had no reason to anticipate that the darkness would continue for any considerable time, and there is no evidence that there was any necessity, or that he had any reason to think that there was a necessity, for the machine being stopped for its own safety or for the safety of the yarn. So far as appears there was no emergency or need for haste. On the other hand, by his testimony that he tried to stop the machine in order to save himself the plaintiff must have referred to the moment after his finger was caught. He was an experienced workman, and cannot have been ignorant that before that moment he was safe if he stood still or stepped back into the free space behind him, the passage in which he stood being five feet wide. If he thought otherwise the defendant was not bound to anticipate so groundless a fear.

It follows from what we have said that the defendant must

be held liable, if liable notwithstanding the objections mentioned, on the ground that the plaintiff used due care, and that, apart from command, necessity, or fear, it was a natural consequence of the lights going out that the plaintiff should try to stop the machine, and that he should get into trouble in doing it without negligence on his own part. As to this it is enough to say that we are unable to see why, with proper care and with the deliberation which there was nothing to disturb, he could not have kept his right hand out of the way. It will be remembered that he seems to have had no difficulty in finding the shipper with his left hand; and that it was his right hand which got caught. *Exceptions overruled.*