## GABRIEL J. SILVIA vs. WAMPANOAG MILLS.

Bristol.    October 22, 1900. — November 28, 1900.

Present: HOLMES, C. J., KNOWLTON, MORTON, LATHROP, & HAMMOND, JJ.

*Personal Injuries — Due Care — Assumption of Risk.*

An employee was injured while in the employ of a manufacturing company by his hand being caught in the beater of a picker machine, which he testified started in consequence of a defective shipper shifting the belt which ran the machine from a loose pulley to a fixed one.  Two or three days before the accident he noticed that the machine started of itself, and upon investigation found that, while there was nothing the matter with it, one of the prongs of the shipper had become worn and would not keep the belt where it belonged.  He then unfastened the shipper, and removed the belt from the fixed to the loose pulley by means of a stick.  He took the old shipper to the boss machinist and asked for another, and was informed that there was none on hand, but that one would be procured in two or three days, and was told to put the old shipper back, which he did.  On the morning of the accident he was engaged in putting a new sieve into the machine, when the overseer told him that he was short of laps, and that he must hurry and get the machine done, because he wanted to start it up.  After some time the employee got the machine started, but the cotton coming through the sieve did not properly go through the rollers.  He stopped the machine by means of the shipper, put his hand into a chamber adjoining which on one side were the beaters, took out some cotton twice, and the third time his hand was caught.  He was thirty-three years of age, and had had great experience in the business.  *Held*, in an action for his injuries, that a verdict for the defendant was rightly ordered, whether on the ground that the plaintiff was not in the exercise of due care or that he assumed the risk.

TORT, for personal injuries occasioned to the plaintiff while in the defendant's employ.  Trial in the Superior Court, before *Fessenden*, J., who, at the request of the defendant, directed the jury to return a verdict for the defendant; and the plaintiff alleged exceptions, which appear in the opinion.

*J. W. Cummings & E. Higginson*, (*C. R. Cummings* with them,) for the plaintiff.

*R. P. Borden*, (*J. F. Jackson* with him,) for the defendant.

LATHROP, J.  The plaintiff was injured while in the employ of the defendant by reason of his hand being caught in the beater of a picker machine, which he testified started in consequence of a defective shipper shifting the belt which ran the machine from a loose pulley to a fixed one.  Two or three days before the

accident he noticed that the machine started of itself, and upon investigation found that, while there was nothing the matter with the machine, one of the prongs of the shipper had become worn and would not keep the belt where it belonged. He then unfastened the shipper, and removed the belt from the fixed pulley to the loose one by means of a stick. He took the old shipper to the boss machinist and asked for another, and was informed that there was none on hand, but that one would be procured in two or three days, and was told to put the old shipper back, which he did.

On the morning of the accident the plaintiff was engaged in putting a new sieve or cage into the machine, when the overseer told him that he was short of laps, and that he must hurry and get the machine done, because he wanted to start it up. After some time the plaintiff got the machine started, but the cotton coming through the sieve did not properly go through the rollers. The plaintiff stopped the machine by means of the shipper, put his hand into a chamber adjoining which on one side were the beaters, took out some cotton twice, and the third time his hand was caught.

The plaintiff was thirty-three years of age. He had worked six years altogether in different mills, and had been at work in the defendant's mill for three years, being "picker boss" all of that time. His duty was to repair small belts, and to repair the machines when they broke down if he was able to do it; and if not able he would call the machinist. He also had to weigh the laps. He was also told by the overseer to go to the shop if he wanted anything about the machinery. The exceptions state that the machine in question was similar to the one described in *De Costa* v. *Hargraves Mills*, 170 Mass. 375.

It is obvious that the plaintiff was an experienced man, and knew all that there was to know about the danger of putting his hands into the chamber in close proximity to the beater when the machine was in motion, or when it was liable to start of itself. Indeed, he testified "that he would not put his fingers in if he thought the beater was going to start up; that he did not think of it." He also knew that, with the shipper as it was, there was danger of the machine starting, and he did not look to see whether the old shipper had been replaced by a new one

or not.  Nor did he attempt to make sure that the belt would remain off the fixed pulley by using his stick.

It is contended that this case falls within the rule stated in *Counsell* v. *Hall*, 145 Mass. 468, namely, "If machinery upon which a servant is employed has become dangerous, and the servant has complained of it, and has been promised that it shall be repaired, but is injured before the defect is remedied, and while he is reasonably expecting the promise to be performed, the promise is a circumstance to be considered by the jury in determining whether he has assumed the risk in the mean time, and whether he was using due care in working when he knew there was danger."  There are some limitations to the rule, one of which is pointed out in the opinion itself.  But we need not inquire into these.  It is enough to say that the evidence does not bring the case within the rule.  The plaintiff was not an ordinary workman, but was a picker boss, whose duty it was to see that the machinery was kept in order.  There is nothing in the evidence to show that he worked on this or any other machine.  He made no complaint to any one of defective machinery, but simply took the worn shipper to the boss machinist for the purpose of getting a new one.  If the fact was, as he testified, that the boss machinist told him to put the shipper back, and he would get a new one in two or three days, there was nothing to show that the boss machinist had any authority over him, or that he was under any obligation to put it back.  No complaint was made to the overseer, and he had no knowledge that the shipper was defective.

On all the evidence in the case we are of opinion that the ruling that the plaintiff was not entitled to recover was right, whether we say that the plaintiff was not in the exercise of due care, or that he assumed the risk.

*Exceptions overruled.*