Hillsborough, }
  Dec., 1900. }

## BENNETT *v.* WARREN, *Assignee.*

In an action against an employer for personal injuries, certain evidence deemed sufficient to warrant a submission of the questions whether the plaintiff was at work within the scope of his employment when injured, whether the defendant was negligent in failing to warn an inexperienced servant against defective and dangerous machinery, and whether the danger to which the plaintiff was exposed was assumed by him as an ordinary risk of his employment.

PROBATE APPEAL, from the allowance of the plaintiff's claim against the S. C. Forsaith Machine Company, insolvent debtors. Trial by jury and verdict for the plaintiff.

The plaintiff claimed damages for the loss of a hand, April 6, 1898, alleged to have been caused by the negligence of his employers. The negligence charged was the employment of defective machinery and the failure to inform the plaintiff, whom his employers knew to be inexperienced, as to the danger of his work. There was evidence tending to prove the following facts : The plaintiff was working at the rear of a planing machine, taking away boards as they passed through. His brother was experienced in the business, had charge of the machine, and passed the boards to be planed into it in front. The machine consisted of a table or bed upon which the boards to be planed were passed through rolls which carried the boards along, and knives attached to cylinders which revolved with great rapidity above and below the boards to be planed. The machine was what is called a " double surfacer," planing both sides of the board at once. The cylinders were covered on top so that the knives could not be seen by ordinary inspection. The plaintiff was injured by the knives operating upon the under surface of the boards at the rear of the machine. His position while at his work was at this part of the machine, and from there he could see the shavings made by the knives falling to the floor, a distance of thirty-three inches. Eight inches from the floor was an iron plate thirteen and a half inches in vertical width, extending from one rear leg of the planer' to the other. The distance from the top of this plate to the knives was fifteen and a half inches.

The jury had a view of the machine with the power on, with and without boards going through it, and also still. At the bottom of the machine at the rear was a pipe intended to carry off the shavings as they fell by draft of air caused by a blower. This pipe was out of repair and did not properly carry off the shavings, which after a time would become packed in beneath the machine and

obstruct its operation. The superintendent of the Machine Company had been notified of this defect. When the plaintiff went to work upon the planer the floor where he stood was covered with shavings so as to conceal the apparatus intended to carry them off. After working from a half to three quarters of an hour his brother left the machine for a few moments, leaving it running. While he was absent the plaintiff, understanding it to be his duty to cause the shavings to be carried off, cleared up those on the floor, and, finding that the pipe had become disconnected, replaced it, and fed the shavings on the floor into it so that they were carried off. The plaintiff testified that he looked up into the machine, and all he could see was the shavings. He then proceeded to pull down the shavings that had become packed in under the machine. While he was so doing, and thrusting his hand upwards to remove the shavings, it came in contact with the knives and was cut off.

The plaintiff was thirty-five years of age, possessed of all his faculties, had never worked in a mill, had no knowledge of machinery and no experience as to its operation. He so informed the Machine Company's superintendent when he applied for employment, and requested work in the stable or as a teamster. No instructions or warning of any sort were given him. He was first set to work on a large planer, and worked a little more than half a day taking away boards, when by the direction of the foreman of the shop he and his brother went to work on the smaller machine upon which he was injured. Behind the planer was a space in which the plaintiff stood, and farther back were boards piled eight to ten inches higher than the bed of the machine, so that he had to lift up the boards as they came through the machine to slide them upon the pile. When set to work he received no directions except to take away the boards.

Charles C. Bennett, the plaintiff's brother, testified:

Q. When your brother went to work with you on the big planer the day before, what instructions did you give him?

A. I did not give him any.

Q. Anything said about the shavings if you remember, or about what his duties were behind there?

A. Nothing more than of course the man who works there is supposed to keep the shavings away.

Q. Did you tell him so?

A. Very likely I did tell him to keep those shavings picked up there.

There was no other evidence that it was the plaintiff's duty to remove the shavings, except such inference as the jury might draw from the foregoing facts and what was disclosed by the view. The plaintiff testified that he knew the machine was in motion,

but that he did not know there were knives at the rear of the machine nor understand the process by which the work of the machine was done.

The defendant moved that a verdict be directed in his favor, and assigned the following reasons:

1. Because the injury of which the plaintiff complains happened to him while he was not at work within the scope of his employment.

2. Because the risk was obvious and apparent, and one which the plaintiff assumed and accepted when he entered into the service.

3. Because no negligence on the part of the defendant has been shown.

4. Because if the plaintiff was directed to clear out the shavings without telling him of the dangers in so doing, if not apparent, and the safe manner in which to do the work, he was directed by a co-employee, and not by the defendant.

5. Because the plaintiff was negligent in putting his hand into the recesses of a going machine without knowing what he would meet, and this negligence contributed to the accident.

The motion was denied subject to exception.

The defendant excepted to the evidence of the defective condition of the blower-pipe to the small planer and to the evidence tending to show knowledge by the assignors of such condition, and also to the evidence that the plaintiff was obliged to hold up boards passing through the planer so as to let them run over the pile behind it.

The defendant requested the following instruction: "If Bennett saw fit to put his hand into the recesses of a going machine without knowing what he would meet, he cannot hold the defendant company answerable for the consequences." The instruction was given with the addition of the words, "Unless you find such act was one of ordinary prudence. If you find that an ordinarily prudent person would not have thrust his hand into the recesses of a going machine without knowing what he would meet, in the way and under the circumstances the act was done in this case, then your verdict must be for the defendant." To the modification of the request the defendant excepted.

The jury addressed the following inquiry to the court: "Is the defendant responsible for any orders that Richard Bennett's brother gave him in regard to his duties while working on planer with him?" In reply the court said: "As an abstract proposition the question should be answered, 'No.' That is, if Richard was injured while doing something which was not a part of his duty, the defendant would not be liable because the brother directed it.

There is no evidence Charles Bennett directed Richard to do the particular act which he was doing when hurt. The question is: Was the clearing out of the shavings a part of Richard's duty? If it was not, the defendants are not liable, even if Charles Bennett directed Richard to do the act." To the foregoing the defendant excepted.

*Moodybell S. Bennett, Edwin F. Jones,* and *Elijah M. Topliff,* for the plaintiff.

*Burnham, Brown & Warren,* for the defendant.

WALLACE, J. One of the questions raised is whether the plaintiff was working within the scope of his employment when he was injured. He was at the rear end of a planer, taking away the boards as they came through it. The blower-pipe being defective, the shavings which dropped from the planer became packed in beneath the machine, and obstructed its operations. He understood that it was his duty to clear away the shavings, and in doing so was injured. The jury had a view of this machine when still and when in operation, and of the place of the accident. Charles C. Bennett, who had charge of the machine and who was experienced in this work, testified that the man who took away the boards was required to keep the shavings away. This evidence warranted the submission of this question to the jury, and from it and what the view disclosed, they could properly find that the clearing away of the shavings, the work in which the plaintiff was engaged when injured, was a part of his duty.

Another question presented is whether any negligence was shown on the part of the defendants. The negligence complained of was the employment of defective machinery, and the failure to inform the servant, whom the master knew to be inexperienced, as to the danger of his work. There was evidence tending to show that the blower-pipe that carried the shavings from the machine on which the servant was set to work was defective, and that this was known to the master. The natural result of that defect was that the shavings, not being properly carried away, would after a time become packed in beneath the machine, and obstruct its operation and necessitate their removal. To remove them while the machine was in motion was dangerous. The plaintiff was wholly inexperienced, having never worked in a mill before, had no knowledge of machinery, and no experience in its operation. He so informed the superintendent when he applied for work in the stable or as a teamster. The knives of the planer were covered by the machine and by the shavings as they were

packed into it, and were not readily seen. Here was evidence from which it might be fairly found that the master was bound to inform the servant of and warn him against this danger of his work, and that the failure to perform this duty was the cause of the injury.

It is also urged that the danger from the revolving knives of the planer was apparent, and was assumed by the plaintiff as one of the ordinary risks of his employment, and also that he was guilty of contributory negligence in putting his hands into the machine to remove the shavings with which it was clogged. The cylinders carrying the knives which planed the boards were covered on top so that the knives could not be seen by ordinary inspection. At the time of the accident, the defect in the blower allowed the shavings to clog in the machine. When thus clogged they were so solidly packed that they had to be dug out with the hand or a stick. The plaintiff knew there were knives in the machine which planed the boards; but he did not know that the knives were at the rear of the machine. They were completely concealed from his observation by the machine which covered them, and by the shavings as they were packed into the machine. His testimony shows he looked under the machine, and all that he could see was the shavings. In view of the facts that he had no warning of any danger, that he was wholly inexperienced (having worked but a few hours at this employment), that the knives were wholly concealed by the top of the machine and the shavings, and that no stick or other implement was given him with which to clear them out, it cannot be said that the minds of reasonable men could not differ on the question of whether he ought to have known of the danger, and therefore assumed it, or on the question of whether he was guilty of negligence in attempting to remove the shavings from the machine with his hand.

The defective condition of the machine, and the concealment of the danger resulting from this cause and from the construction of the machine, distinguishes this case from *Collins* v. *Car Co.*, 68 N. H. 196, *Burnham* v. *Railroad*, 68 N. H. 567, and *Robinska* v. *Lyman Mills*, 174 Mass. 432. In these cases there were no defective appliances, and the danger was open to ordinary observation.

The evidence of the defective condition of the blower-pipe of the planer and the defendant's knowledge of this defect was properly admitted. The natural result of the defect was the clogging of the planer with shavings, necessitating their being cleaned out. This evidence tended to show that there was a dangerous situation of which the defendants had notice and in regard to which they should have instructed the plaintiff. There was no error in the admission of the evidence that the plaintiff was obliged to hold up

the boards passing through the planer so as to let them run over the pile of boards behind it. This and the other circumstances under which he was working at the time of the accident showed how completely he was engaged, and were competent on the question of whether he was exercising due care, or was negligent in not noticing the condition of the shavings under the planer and the manner it was being clogged sooner than he did.

There was no error in the refusal to give the instructions requested, or in those given. Considering the inexperience of the plaintiff, the failure of his employers to instruct him, and the manner in which the knives of the planer were concealed by the machine and the shavings with which the defective blower had caused it to be packed, it cannot be said, as a matter of law, that Bennett's putting his hand into the machine to remove the shavings, although it was running, ought to preclude him from recovering. It was properly left for the jury to determine whether under these circumstances his act was one of ordinary prudence. The answer of the court to the jury's inquiry, as to whether the defendant was responsible for any orders that the brother of the plaintiff gave to him, was sufficiently favorable to the defendant. It answered the question "No," and told the jury that the defendant's liability depended upon whether the plaintiff, when injured, was doing something which was a part of his duty, and not upon whether his brother directed him to do it.

*Exceptions overruled.*

PARSONS and PEASLEE, JJ., did not sit: the others concurred.