Merrimack, }
Nov. 4, 1908. }

DRISCOLL *v.* ROLFE *&amp; a.*

CASE, for negligence. Trial by jury and verdict for the plaintiff. Transferred from the October term, 1907, of the superior court by *Pike,* J., upon the defendants' exceptions to the denial of their motions for a nonsuit and the direction of a verdict in their favor.

The evidence tended to prove that the plaintiff, a boy twelve

years old, small of his age, and of no experience with machinery, was taken by one of the defendants from the work he had been doing and put at work taking panels away from a sanding machine. Rolfe said to Worthley (the man in charge of the sander), "Here is a boy for you to work on the sander, look out for him," showed the boy how to take panels away, and then left. The panels came through scratched, and Worthley stopped the machine to clean the front top roll. The plaintiff supposed he must do the same, and got up on the machine and cleaned the rear roll. The panels continued to come through scratched, and Worthley began work on his top roll while the machine was in motion. The plaintiff again supposed it was his duty to follow his superior's example, and while he was attempting to clean the rear roll his hand was caught by the revolving sand-cylinder, which was located just below the roll. Up to the time of the accident he had never seen a sand-paper cylinder, and did not know there was any danger in doing the work as he attempted to do it.

*Mitchell, Foster & Lake* and *Martin & Howe*, for the plaintiff.

*Streeter & Hollis*, for the defendants.

PEASLEE, J. The case is not distinguishable in principle from *Bennett* v. *Warren*, 70 N. H. 564. The plaintiff was inexperienced, did not know of the concealed danger, and was in the performance of what he reasonably thought to be a part of his duty. It might well be found that it was negligence to set a child at this work without any instruction or warning. The motions for nonsuit and that a verdict be directed for the defendants were properly denied.

*Exceptions overruled.*

All concurred.