BERTRAM WHITMORE *vs.* H. K. WEBSTER COMPANY.

Essex.    November 6, 1908. — November 25, 1908.

Present: KNOWLTON, C. J., MORTON, HAMMOND, SHELDON, & RUGG, JJ.

*Negligence,* Employer's liability.

At the trial of an action of tort for personal injuries by an employee against his employer, who owned and operated a mill, it appeared that the plaintiff was injured by having his fingers caught between the rollers of a roller mill, that he was fifty-eight years old, experienced in the work of grinding and had been employed by the defendant in his mill for three years, and that the only grinding mills used by the defendant for about six months before the accident were such as he was injured upon; that some time before the accident the mill upon which the plaintiff was injured had been rendered defective by reason of a belt having been made too short, and that the plaintiff had known of the defect but had been told by the head miller almost two months before the accident that the head miller " would have the belt man come as soon as " he " could get

him and make that belt longer"; that when injured the plaintiff was reaching his fingers between the rollers of the mill to perform a duty which would have been proper if the mill had been at rest, that he had just seen the head miller raise a counter shaft to stop the mill and had proceeded on the assumption that the mill had stopped, as it would have done if the shortness of the belt had been remedied, but that, it not having stopped, his fingers were caught and he was injured. It also appeared that the plaintiff knew that he could have learned whether the mill had stopped if he had looked at some belts and pulleys which were near at hand and in plain view, but that he did not look, although he did not know whether the defective belt had been repaired and knew the danger of doing as he did if the mill still were running. *Held*, that the plaintiff was not in the exercise of due care.

TORT for personal injuries alleged to have been received by the plaintiff while in the employ of the defendant in its grinding mill. Writ in the Superior Court for the county of Essex dated January 8, 1906.

There was a trial before *Dana*, J. The facts are stated in the opinion. At the close of the plaintiff's evidence, the presiding judge directed a verdict for the defendant and, by agreement of the parties, reported the case for determination by this court, judgment to be entered on the verdict if his ruling was right; otherwise judgment to be entered for the plaintiff for the sum of $3,500.

*J. P. Sweeney*, for the plaintiff.

*W. I. Badger*, for the defendant.

SHELDON, J. The plaintiff was injured in consequence of having inserted his hand into the feeder and rolls of a grinding mill, to clean away corn which had gathered upon the rolls. Martin, the miller, had raised the counter-shaft to stop the mill, but by reason of the belt which operated the driving pulley having been recently made too short, or the pulley having been raised too high, the effect of what Martin did was, as it might have been found, to stop only one set of the rollers, the slow rollers as they were called, and to leave the other set, the fast rollers, revolving, although more slowly than if Martin had not endeavored to stop the mill. The plaintiff had seen what Martin did, supposed that the mill had stopped, and inserted his hand for a proper purpose and in what would have been a proper manner if the mill had been wholly stopped.*

---

* The bill of exceptions states also: "The plaintiff, who was fifty-eight years of age, was experienced in the work of grinding and had entered the

The first question presented is whether the jury had a right to find that the plaintiff was in the exercise of due care in acting on the assumption that the mill had been stopped by what Martin had done. He knew that the belt had been shortened, and that in consequence of this the mill was likely not wholly to stop because the belt was too tight, but he had been told by Martin that this would be remedied.* Whether it had been remedied he did not know, and apparently he did not concern himself with the question. He did not contend that he acted in reliance on Martin's statement. But Webber, an expert witness called by the plaintiff, testified that if the belt was in motion it could be seen plainly, and that the pulleys would revolve so that they could be seen. And the plaintiff himself testified that standing where he was, on the back side of the machine, the differential side as it was called, the belt on the driving side came down on his right, and by looking at the belt he could have seen whether the rolls were moving or not; that if he had looked he would have seen this at a glance; that he put his hand down between the rolls, knowing that if either one of them was moving they probably would take his fingers off, without looking either at the belt or the rolls, or the pulleys, to see whether they were moving. He testified that he could not see the rolls; but the belt and the pulleys on the side where he was were plainly visible. There was no other testimony inconsistent with this. There is nothing to show that he needed or was expected to act so quickly as to excuse him from looking at what was obvious to be seen. In our opinion it cannot be said that in thus failing to use his senses to guard against a danger of which he was well aware he was in the exercise of proper diligence. *Daily* v. *Fiberloid Co.* 186 Mass. 318. *Meunier* v. *Chemical Paper Co.* 180 Mass. 109. *Kelley* v. *Calumet Woolen Co.* 177 Mass. 128.

---

employ of the defendant in 1902." Until May, 1905, grinding stones were used by the defendant, but from May, 1905, the mills, upon one of which the plaintiff was injured, were used. The accident happened October 28, 1905.

* This the plaintiff testified was on September 5, 1905, and that Martin had said: "I will have the belt man come as soon as I can get him and make that belt longer."

*Silvia* v. *Wampanoag Mills,* 177 Mass. 194.    *Robinska* v. *Lyman Mills,* 174 Mass. 432.

The verdict for the defendant was ordered rightly; and in accordance with the terms of the report there must be

*Judgment on the verdict.*