# CASES

## ARGUED AND DETERMINED

### IN THE

## UNITED STATES CIRCUIT COURTS OF APPEALS AND THE DISTRICT COURTS

---

### AMERICAN WOOLEN CO. v. STEWART.

(Circuit Court of Appeals, First Circuit. October 16, 1914.)

#### No. 1060.

1. MASTER AND SERVANT (§ 286*)—INJURIES TO SERVANT—DANGEROUS MACHINE—NEGLIGENCE—QUESTION FOR JURY.

In an action for injuries to an inexperienced servant in defendant's woolen mill, by having his hand drawn between the carding and hickey rolls of a finishing machine on which he was employed, while he was attempting to remove waste from the hickey roll, as he had seen others do, evidence *held* to require submission to the jury of the question of defendant's negligence in failing to warn plaintiff of the danger.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1001, 1006, 1008, 1010–1015, 1017–1033, 1036–1042, 1044, 1046–1050; Dec. Dig. § 286.*]

2. NEGLIGENCE (§ 97*)—INJURIES TO SERVANT—INSTRUCTIONS—COMPARATIVE NEGLIGENCE.

In an action for injuries to a servant by getting his hand caught between the rolls of a wool-finishing machine, the court charged that if defendant was careless in giving plaintiff proper instructions, and plaintiff was heedless, his heedlessness, co-operating with that of the defendant, would not prevent recovery because the injury would not be the sole result of the boy's fault, the fundamental fault being that of defendant in not giving him proper instructions. *Held* erroneous, as submitting the doctrine of comparative negligence, which is not a part of the law of New Hampshire, where the accident occurred.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. §§ 93, 162; Dec. Dig. § 97.*]

In Error to the District Court of the United States for the District of New Hampshire; Edgar Aldrich, Judge.

Action by Andrew G. Stewart, by his next friend, against the American Woolen Company. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

Robert L. Manning, of Manchester, N. H. (Jones, Warren, Wilson & Manning, of Manchester, N. H., on the brief), for plaintiff in error.

Alexander Murchie, of Concord, N. H. (D. J. Harrigan, of Hillsboro, N. H., on the brief), for defendant in error.

Before PUTNAM, DODGE, and BINGHAM, Circuit Judges.

---

BINGHAM, Circuit Judge. The plaintiff, Andrew G. Stewart, a minor, brings this action by his father, and next friend, against the American Woolen Company to recover damages for injuries received on the 10th of June, 1913, while in the employment of that company, by reason of his hand being drawn between the carding and the hickey rolls of a finishing machine; it being one of four machines constituting a set of cards upon which he was employed.

The declaration contained two counts. The case proceeded to trial upon the second count, the first having been waived. The second count was framed under the employers' liability statute of New Hampshire (chapter 163, Laws of 1911), and the negligence complained of was, among other things, the failure of the defendant to warn and instruct the plaintiff as to the dangers of his employment and the manner of doing his work. The jury returned a verdict for the plaintiff.

The case is now here on the defendant's bill of exceptions, and the errors assigned are to the refusal of the court to direct a verdict for the defendant at the close of all the evidence, and to the court's failure to properly instruct the jury upon the question of contributory negligence.

At the time the accident occurred, the New Hampshire statute under which this action was brought provided that, in an action for personal injuries sustained by an employé, while engaged in manual labor in an employment of the character here in question, it should not be a defense that the injury was caused by the negligence of a fellow employé, or that the employé assumed the risk of injury, and that the burden of proving contributory negligence should be upon the defendant. Boody v. Co., 77 N. H. 208, 90 Atl. 859.

[1] We are of the opinion that the first assignment of error cannot be sustained. We have examined the evidence as to the defendant's negligence and the plaintiff's freedom from fault, and, without going into a detailed discussion of it, it seems to us that—inasmuch as it appears the plaintiff was a boy 16 years of age, that he had had little or no experience about machinery, that he was acting in the performance of his duty in attempting to remove the waste from the hickey roll, that he had seen others, including the servant who was delegated to instruct him as to the method of doing his work, remove waste with their hands from the cards while they were in motion, that he had not been warned of the danger of doing the work in this way, or instructed as to any other method or way of doing it, that the machinery was complicated, that he had worked about the machines but a brief period, and that he was injured on his first attempt to remove the waste from the hickey roll—the trial court was fully justified in submitting the case to the jury. Lapelle v. Paper Co., 71 N. H. 346, 51 Atl. 1068; Disalets v. Co., 74 N. H. 440, 69 Atl. 263; Goodale v. York, 74 N. H. 454, 69 Atl. 525; Driscoll v. Rolfe, 75 N. H. 586, 71 Atl. 379; Lane v. Manchester Mills, 75 N. H. 102, 71 Atl. 629.

[2] The second error complained of arises on the defendant's exception to the charge of the court to the jury, wherein he said:

"If you should find that the defendant was careless in not discharging its duty in respect to giving sufficient instructions to the boy, and you should find the boy was heedless, that they were heedless because at fault in not sufficiently impressing upon the boy's mind the dangers, his heedlessness, co-

operating under such circumstances as that, would not prevent his recovering, because the injury would not be the sole result of the fault of the boy. There would be the fundamental fault of the defendant in not giving the boy proper instructions."

This instruction is manifestly erroneous. It is a statement of the doctrine of comparative negligence which is not a part of the common law of New Hampshire, nor in any way recognized by the provisions of the act under which this action is brought. It allowed the jury to find a verdict for the plaintiff, notwithstanding they might find that he was negligent and that his negligence contributed to his injury.

The judgment of the District Court is reversed, the verdict is set aside, and the case is remanded to that court for further proceedings not inconsistent with this opinion; and the plaintiff in error recovers its costs in this court.