Hillsborough, }
March 1, 1921. }

ALFRED DOSTIE, *by his next friend* PHILIP DOSTIE, *v.*
INTERNATIONAL COTTON MILLS.

A boy of sixteen, employed by the defendant and of less than average mentality, while attempting to collect flax from under a breaker was injured by his hand coming in contact with its cylinder and rolls. On the foregoing and other evidence the questions of assumption of risk and of contributory negligence were for the jury.

A request for an instruction that one who puts his hand where he does not know it is safe because he does not think, is guilty of negligence was properly refused.

CASE, for negligence. Trial by jury and verdict for the plaintiff. The plaintiff, a boy of sixteen, had worked for the defendants about five weeks at the time he was injured. He was employed to run a picker, and was required to get the flax for his machine from the breaker or opener. At one end of that machine was a twenty-six-inch cylinder covered with hooks which turned toward the other end of the machine and brought the flax to five-inch rolls which turned toward each other, whence it came out between them in a sheet the width of the machine onto a plate about a foot wide and slanting downward, from which the flax dropped to the floor in a pile, in part under the machine. The small rolls and the top of the cylinder were in plain view, but when there was a considerable pile of flax on the floor a person standing at the discharging end of the machine could not see without getting under the machine how near the cylinder came to the pile of flax.

The plaintiff, who was of less than average mentality, did not know that in doing his work he was likely to come in contact with the cylinder and he was not warned of that danger. When he came for flax at the time of the accident, the pile on the floor was as high as the machine. He stooped down, and put his right hand on the floor and reached in under the machine with his left hand, and it came in contact with the cylinder, and it carried his arm into the rolls.

Transferred by *Marble*, J., from the January term, 1920, of the superior court, on the defendants' exception to the denial of their motions for a nonsuit and a directed verdict, and to the court's refusal to charge the jury as requested.

*Joseph E. Lachance* and *Robert W. Upton* (*Mr. Upton* orally), for the plaintiff.

*Alvin J. Lucier* (by brief and orally), for the defendants.

YOUNG, J.  The defendants contend that even if they were in fault the plaintiff cannot recover because (1) he assumed the risk of his injury and (2) was guilty of contributory negligence.  The test to determine whether he assumed the risk is to inquire whether he either knew or ought to have known that his hand was liable to come in contact with the cylinder when he was reaching in under the machine for flax and fully appreciated the risk incident thereto.  *Cassidy* v. *Company*, 79 N. H. 427.  It cannot be said, therefore, that he assumed the risk of his injury, for he testified that he did not know that his hand might be caught in the roll, and it cannot be said that the ordinary boy of his age and mental capacity and with his experience would have known of it.  Neither can it be said that he was guilty of contributory negligence, for negligence as used in this connection is the doing or omitting to do that which the ordinary boy of his age and experience, and with his opportunity to know, and capacity to understand the situation and its dangers, would not have done or omitted.

The defendants also contend that the court erred when it refused to instruct the jury that "if the plaintiff put his hand in a place where he did not know it was safe to put it, because he did not think or because he did not care whether it was dangerous or not, then he cannot recover."  If it is true that one who puts his hand in a place when he does not know it is safe because he does not care is guilty of negligence as a matter of law, a question as to which no opinion is intended to be expressed, it does not help the defendants, for their request to give that instruction was coupled with a request to instruct the jury that one who puts his hand where he does not know it is safe, because he does not think, is guilty of negligence; for while the fact a person does not think is relevant to, it is not conclusive of the issue of his lack of care.  *Bennett* v. *Warren*, 70 N. H. 564.

*Exceptions overruled.*

All concurred.