**Dallas GREEN, Appellant,**

v.

**STATE of Alaska, Appellee.**

No. 404.

Supreme Court of Alaska.

March 25, 1964.

Barry W. Jackson, Fred D. Crane, Fairbanks, for appellant.

Herbert D. Soll, Dist. Atty., Fairbanks, for appellee.

Before NESBETT, C. J., and DIMOND and AREND, JJ.

AREND, Justice.

Dallas Green, the defendant below, was tried for the crime of murder in the first degree. The jury found him guilty of the included offense of murder in the second degree. He thereupon moved for judgment of acquittal notwithstanding the verdict or for a new trial, claiming that the second degree murder statute pursuant to which he had been convicted is unconstitutional and void. He requested that he be sentenced for the included offense of manslaughter. The trial court denied the motion and sentenced the defendant to be imprisoned for fifteen years, the statutory minimum, but made him eligible for parole "at such time as the Youth and Adult Authority in its discretion shall determine."

On this appeal the defendant raises the same issue he urged below. Specifically, he contends that under present Alaska law the minimum punishment for the offense of which he was convicted is fifteen years,

whereas one convicted of the more serious offense of murder in the first degree may receive a minimum sentence as low as one year. This state of the law, he claims, is an aberration and constitutes a violation of the due process and equal protection clauses of the federal and Alaska constitutions.

We shall examine first the state laws which we consider to be pertinent to this appeal. From early territorial days in Alaska until 1957 the three recognized degrees of homicide carried penalties as follows: (1) murder in the first degree, death;[1] (2) murder in the second degree, imprisonment in the penitentiary not less than fifteen years;[2] and (3) manslaughter, imprisonment in the penitentiary not more than twenty years nor less than one year.[3] Then in 1957 the legislature abolished the death penalty as punishment in Alaska for any crime[4] and amended the statute relating to first degree murder by providing that anyone guilty of that crime "shall be sentenced to imprisonment at hard labor for life *or for any term of years.*"[5] [Italics ours.]

The defendant contends that, since the italicized words of the amendment make it possible for the court to impose a minimum sentence of one year in the case of a person convicted of murder in the first degree, there is no rational basis for the fifteen-year minimum penalty provided for persons convicted of the lesser offense of murder in the second degree. The second degree murder statute, he says, is therefore unconstitutional and void because it violates the equal protection and due process clauses of the fourteenth amendment as well as similar provisions of the state constitution.[6] In this connection he goes on to suggest that the statute violates not only the usual due process concepts but also the prohibition against cruel and unusual punishments incorporated in the fourteenth amendment due process clause, and refers us to the Supreme Court cases of Weems v. United States[7] and Robinson v. California.[8]

The defendant does not say that a minimum sentence of fifteen years for second degree murder is in itself cruel or unusual or a denial of due process but claims that it becomes such when matched against the one-year minimum sentence implicit in that part of the first degree murder statute which prescribes an alternative penalty of imprisonment at hard labor for any term of years. On that score the Weems and Robinson cases are of little help to his cause for they each treat only of the penalty provisions of a single criminal statute.[9] We have carefully examined

1. Carter Code, Title 1, § 3 (1900); § 1883 CLA 1913; § 4757 CLA 1933; § 65-4-1 ACLA 1949.

2. Carter Code, Title 1, § 5 (1900); § 1885 CLA 1913; § 4759 CLA 1933; § 65-4-3 ACLA 1949 [AS 11.15.030].

3. Carter Code, Title 1, § 6 (1900); § 1886 CLA 1913; § 4760 CLA 1933; § 65-4-4 ACLA 1949 [AS 11.15.040].

4. SLA 1957, ch. 132, § 1.

5. SLA 1957, ch. 132, § 4 [AS 11.15.010].

6. The Alaska Constitution declares in article I, section 1, "that all persons are equal and entitled to equal rights, opportunities, and protection under the law," and provides in article I, section 7, that "[n]o person shall be deprived of life, liberty, or property, without due process of law."

7. 217 U.S. 349, 30 S.Ct. 544, 54 L.Ed. 793 (1910).

8. 370 U.S. 660, 82 S.Ct. 1417, 8 L.Ed.2d 758 (1962).

9. In Weems the Supreme Court, in ruling upon the constitutionality of a Philippine criminal statute, said that imprisonment in chains at hard and painful labor for a period of twelve to twenty years, along with perpetual disqualification to enjoy political rights or to hold office and surveillance by the authorities for life, for the crime of falsification by a public official of a public and official document infringed the Philippine Bill of Rights which forbade the infliction of cruel and unusual punishment. The Court commented that "such penalties for such offenses amaze those who have formed their conception of the relation of a state to even its offending citizens from the practice of the American commonwealths, and believe that it is a precept of justice that punishment for crime should be graduated and

these two cases and find nothing stated therein which would lead us to believe that the Supreme Court would consider it an infliction of cruel and unusual punishment or an infringement of the due process clause in any other respect for Alaska to provide a possible lighter minimun sentence for first degree murder than for second degree murder as has been done in our murder statutes. We say this with conviction for the reason that first degree murder carries a more severe penalty than does second degee murder in that imprisonment for the crime of first degree murder must be served at hard labor regardless of the duration of such imprisonment.

■■ There are a number of states in which the courts have held that punishment for crime must be proportioned to the offense.[10] Such holdings have usually been based upon the enunciation of the restriction in the respective state constitutions that penalties shall be proportioned to the nature of the offense.[11] The Alaska Constitution, though of recent origin, contains no such restriction, nor does one appear in the federal constitution. We conclude, therefore, that in this jurisdiction punishment for crime need not be strictly proportioned to the offense. Only those punishments which are cruel and unusual in the sense that they are inhuman and barbarous,[12] or so disproportionate to the offense committed as to be completely arbitrary and shocking to the sense of justice[13] may be stricken as violating the due process clauses of the state and federal constitutions. Such punishments would also be void under article I, section 12 of the Alaska Constitution which declares that cruel and unusual punishments shall not be inflicted.

■ We do not regard the minimum penalty of fifteen years imprisonment prescribed by our second degree murder statute (AS 11.15.030) as being either cruel or unusual. Nor can it reasonably be said that this penalty provision of the statute deprived the defendant of the equal protection of the law, for under the statute all persons convicted of second degree murder are subject to the same minimum penalty.[14] The statute, AS 11.15.030, is therefore held to be valid and constitutional.

Affirmed.

proportioned to offense." 217 U.S. 349, 364–367, 30 S.Ct. 544, 549, 54 L.Ed. 793, 797–798 (1910). Likewise in Robinson v. California the Court had under consideration only a single statute and ruled that a state law which imprisons as a criminal a person afflicted with the illness of narcotic addiction, even though he has never touched any narcotic drug within the state or been guilty of any irregular behavior there, inflicts a cruel and unusual punishment in violation of the fourteenth amendment. 370 U.S. 660, 667, 82 S.Ct. 1417, 8 L.Ed.2d 758, 763 (1962).

10. People v. Elliott, 272 Ill. 592, 112 N.E. 300, 303–305 (1916) ; W. A. Barber Grocery Co. v. Fleming, 229 Ind. 140, 96 N. E.2d 108, 116 (1951) ; State v. Foster, 80 N.H. 1, 114 Atl. 277 (1921) ; Merrill v. Gladden, 216 Or. 460, 337 P.2d 774, 776–777 (1959) ; State ex rel. Vascovich v. Skeen, 138 W.Va. 417, 76 S.E.2d 283, 287, cert. denied 346 U.S. 916, 74 S.Ct. 277, 98 L.Ed. 411 (1953).

11. The states which have a constitutional requirement that penalties shall be proportioned to the nature of the offense are Illinois, Indiana, Maine, Nebraska, New Hampshire, Oregon, Rhode Island, Vermont and West Virginia. See Legislative Drafting Research Fund of Columbia University, Index Digest of State Constitutions 342 (2d ed. 1959).

12. Hemans v. United States, 163 F.2d 228, 237–238 (6th Cir.), cert. denied 332 U.S. 801, 68 S.Ct. 100, 92 L.Ed. 380 (1947) ; State v. Evans, 73 Idaho 50, 245 P.2d 788, 792 (1952) ; Ellis v. State, 54 Okl.Cr. 295, 19 P.2d 972, 974 (1933).

13. Black v. United States, 269 F.2d 38, 43 (9th Cir. 1959), cert. denied 361 U.S. 938, 80 S.Ct. 379, 4 L.Ed.2d 357 (1960) ; Ex parte Meyers, 55 Okl.Cr. 75, 24 P.2d 1011 (1933) ; Sustar v. County Court etc., 101 Or. 657, 201 P. 445, 448 (1921).

14. See People v. Turville, 51 Cal.2d 620, 335 P.2d 678, 689, cert. denied 360 U.S. 939, 79 S.Ct. 1465, 3 L.Ed.2d 1551 (1959) ; State v. Pirkey, 203 Or. 697, 281 P.2d 698, 701–702 (1955).