**Henry Allen THOMPSON, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. 1339.**

Supreme Court of Alaska.

May 4, 1972.

---

7. _Id._

Henry Allen Thompson, in pro. per.

G. Kent Edwards, Atty. Gen., Juneau, Harold W. Tobey, Dist. Atty., Robert L. Eastaugh, Asst. Dist. Atty., Anchorage, for appellee.

Before BONEY, C. J., and CONNOR, BOOCHEVER, RABINOWITZ and ERWIN, JJ.

## OPINION

BONEY, Chief Justice.

On December 14, 1964 Henry Allen Thompson was indicted and arrested on felony counts of forgery, burglary and larceny. At the arraignment Thompson entered pleas of not guilty, and bail was set at $2500. He was unable to meet bail and thus remained in jail from the date of his arrest.

During the trial Thompson changed his plea to guilty as to the count of forgery. The counts of burglary and larceny were subsequently dismissed. On April 7, 1965 he received an indeterminate sentence of one to twenty years pursuant to the inde-

terminate sentencing statute in effect at that time.[1]

On June 4, 1965, the superior court heard and denied Thompson's motion for suspension of the sentence. He immediately filed a "Notice of Appeal" which the superior court treated as an application to vacate sentence under Criminal Rule 35(b)[2] because the applicant had previously entered a guilty plea. Upon denial of the motion, he appealed to this court for a determination of the voluntariness of his guilty plea. The case was remanded to the superior court for a factual hearing pursuant to Criminal Rule 35.[3] The refusal of that court to grant the requested relief after it had made findings of fact was affirmed on appeal to this court.[4] At all stages, Thompson was represented by counsel.

In September 1969, Thompson again applied to the superior court for post-conviction relief. The superior court denied the requested relief, and he again appealed to this court. We remanded the case for an adjudication in accordance with Criminal Rule 35(g) or 35(h).[5] On June 6, 1970, after due consideration, the superior court

1. AS 11.05.060 then provided:
   Courts imposing prison sentences for felonies shall sentence the defendant to the minimum and maximum term of imprisonment provided by law. [Ch. 43 § 3 SLA 1964]
   This sentencing scheme was repealed in 1965. [Ch. 68 § 1 SLA 1965]

2. At that time, Alaska R.Crim.P. 35(b) provided:
   (b) A prisoner in custody under sentence of the District Court for the District (Territory) of Alaska or the superior court of the State of Alaska claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States or the Constitution or laws of Alaska, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence or its successor, to vacate, set aside or correct the sentence.
   A motion for such relief may be made at any time.
   Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the State District Attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto. If the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate.
   A court may entertain and determine such motion without requiring the production of the prisoner at the hearing.
   The sentencing court, or its successor, shall not be required to entertain a second or successive motion for similar relief on behalf of the same prisoner.
   An appeal may be taken to the supreme court from the order entered on the motion as from a final judgment on application for a writ of habeas corpus.
   An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this subdivision, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or its successor, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

3. Thompson v. State, 412 P.2d 628 (Alaska 1966).

4. Thompson v. State, 426 P.2d 995 (Alaska 1967).

5. Alaska R.Crim.P. 35(g) provides:
   (1) Within 30 days after the docketing of the application, or within such further time as the court may fix, the state shall respond by answer or by motion which may be supported by affidavits. At any time prior to entry of judgment the court may grant leave to withdraw the application. The court may make appropriate orders for amendment of the application or

denied Thompson's application. From that decision Thompson now appeals.

On his second application for post-conviction relief, and on this appeal, Thompson presents two constitutional issues:

(1) He argues that the imposition of a possible 20-year sentence for forgery is cruel and unusual punishment, contrary to the protections of the eighth amendment to the United States Constitution and to the protections of article I, section 12 of the Alaska Constitution.

(2) He further argues that the denial of credit for presentence detention time is an invidious discrimination against impecunious defendants unable to post bail, and hence in violation of the equal protection clause of the fourteenth amendment of the United States Constitution, and article I, section 1 of the Alaska Constitution.

In Merrill v. State [6] we held that, under Alaska Rule of Criminal Procedure 35(i),[7] any ground for relief not raised in the original, supplemental or amended application will not be considered in a subsequent application unless the court finds "sufficient reason" for the failure to make the assertion in the first application. If

any pleading or motion, for pleading over, for filing further pleadings or motions, or for extending the time of the filing of any pleading. In considering the application the court shall consider substance and disregard defects of form. If the application is not accompanied by the record of the proceedings challenged therein, the respondent shall file with its answer the record or portions thereof that are material to the questions raised in the application.

(2) When a court is satisfied, on the basis of the application, the answer or motion, and the record, that the applicant is not entitled to post-conviction relief and no purpose would be served by any further proceedings, it may indicate to the parties its intention to dismiss the application and its reasons for so doing. The applicant shall be given an opportunity to reply to the proposed dismissal. In light of the reply, or on default thereof, the court may order the application dismissed or grant leave to file an amended application or direct that the proceedings otherwise continue. Disposition on the pleadings and record shall not be made when a material issue of fact exists.

(3) The court may grant a motion by either party for summary disposition of the application when it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.

Alaska R.Crim.P. 35(h) provides:

The application shall be heard in, and before any judge of, the court in which the conviction took place. An electronic recording of the proceeding shall be made. All rules and statutes applicable in civil proceedings, including pre-trial and discovery procedures are available to the parties. The court may receive proof by affidavits, depositions, oral testimony, or other evidence. The court may order the applicant brought before it for the hearing. If the court finds in favor of the applicant, it shall enter an appropriate order with respect to the conviction or sentence in the former proceedings, and any supplementary orders as to rearraignment, retrial, custody, bail, discharge, correction of sentence, or other matters that may be necessary and proper. The court shall make specific findings of fact, and state expressly its conclusions of law, relating to each issue presented. The order made by the court is a final judgment.

6. 457 P.2d 231 (Alaska 1969).

7. Alaska R.Crim.P. 35(i) provides:

All grounds for relief available to an applicant under this rule must be raised in his original, supplemental or amended application. Any ground finally adjudicated or not so raised, or knowingly, voluntarily and intelligently waived in the proceeding that resulted in the conviction or sentence or in any other proceeding the applicant has taken to secure relief may not be the basis for a subsequent application, unless the court finds a ground for relief asserted which for sufficient reason was not asserted or was inadequately raised in the original, supplemental, or amended application.

the applicant is represented by counsel in the first application, there will be no presumption in his favor, and he will incur the burden of showing sufficient reason for his earlier failure to raise the issue.[8] Because the instant case represents Thompson's second request for post-conviction relief, he must demonstrate sufficient reason for not having raised the present issues in his earlier application. As we noted in *Merrill,* when faced with a successive application, "the courts of this state stand ready to make a diligent search through the records and files of the case in order to discover if a sufficient reason exists for the failure of the applicant to raise the claim of error at an earlier stage of the proceedings." [9]

■ Thompson would have us find sufficient excuse for his not having raised the cruel and unusual punishment issue earlier in his claim that Faulkner v. Alaska,[10] a case decided subsequent to his first application, has produced an intervening change in the law which will substantially alter the outcome of his case.[11] The state responds that *Faulkner* is not new law because it applied the same test that was set forth in Green v. State,[12] a case decided prior to Thompson's first application.

In Green v. State we held that neither the United States nor the Alaska Constitution's [13] prohibitions against cruel and unusual punishment were violated by statutes providing for a possible shorter minimum sentence for first degree murder than for second degree murder.[14] The court stated the applicable test as follows:

> Only those punishments which are cruel and unusual in the sense that they are inhuman and barbarous, or so disproportionate to the offense committed as to be completely arbitrary and shocking to the sense of justice may be stricken as violating the due process clauses of the state and federal constitutions. Such punishments would also be void under article I, section 12 of the Alaska Constitution which declares that cruel and unusual punishments shall not be inflicted.[15]

In Faulkner v. State, Justice Dimond applied the test articulated in Green v. State to invalidate a thirty-six year sentence [16] imposed for a single spree of bad check writing.[17] Justice Rabinowitz concurred, arguing that this court has the power to review sentences.[18] He agreed, however, with that part of Chief Justice Nesbett's dissent in which the Chief Justice expressed his views on the cruel and unusual

---

8. 457 P.2d at 238.

9. Id.

10. 445 P.2d 815 (Alaska 1968).

11. *Cf.* Sanders v. United States, 373 U.S. 1, 17, 83 S.Ct. 1068, 10 L.Ed.2d 148, 162 (1963).

12. 390 P.2d 433, 435 (Alaska 1964).

13. U.S.Const. amend. VIII provides, and Alaska Const. art. I, § 12, provides in part, that:

    Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted.

14. AS 11.15.010, as amended by Ch. 43 § 5 SLA 1964 and Ch. 68 § 4 SLA 1965, now provides that a person guilty of first degree murder shall be sentenced to prison for not less than 20 years to life. At all times relevant to Green

v. State, AS 11.15.010 provided for a sentence of any term of years at hard labor. AS 11.15.030 now imposes, as it did then, a sentence of not less than 15 years for second degree murder.

15. 390 P.2d at 435.

16. Faulkner had pleaded guilty to seven counts of drawing checks with insufficient funds with intent to defraud in violation of AS 11.20.230, and to one count of issuing a check without funds or credit in violation of AS 11.20.210. He was sentenced to five years on each of the first seven counts and to one year on the last. The superior court ordered his sentence to run consecutively—for an aggregate of thirty-six years.

17. 445 P.2d at 818, 819.

18. *Id.* at 822–823.

punishment issue.[19] Thus, while no opinion was fully acceptable to more than one member of our then three-man court, a majority of two justices specifically rejected the application of the Green v. State test.

We fail to see, therefore, how Justice Dimond's remarks can be said to represent a change in the law in Alaska when they were expressive of the views of a minority of the court.[20] Thompson has been unable to justify his failure to raise, on his first application, the cruel and unusual claim.

■ Thompson next argues that Merrill v. State and Criminal Rule 35(i) should not preclude our consideration of the equal protection issue involving credit for presentence incarceration because the case of Sobell v. United States [21] was decided after his first application. While recognizing that Sobell v. United States is not a change in the law of Alaska, he argues that it was the first case in the nation in which a court favorably passed upon the precise question presented in his case, and that under these circumstances he can be excused for not having earlier been aware of the issue.

We disagree that Sobell v. United States was either the first ruling on the issue, or that it passed upon the precise question presented in the case before us. The court there explicitly avoided the constitutional question of presentence detention and decided the case on the basis of the federal statute and the pronouncements of the trial judge. Sobell v. United States was an outgrowth of an earlier case in another circuit, Stapf v. United States [22] and the recognition by Congress of inequities in the federal bail system.[23] Finally, even if we could recognize *Sobell* or *Stapf* as representing an intervening change in the law, we are moved to decision by the fact that it is not a change which affects the law of this jurisdiction.

■ While we hold, therefore, that Thompson has failed to establish sufficient reason for his not having raised the issue in his first application for post-conviction relief, we nonetheless conclude that he should be granted credit against his sentence for his presentence time served. We agree with the Colorado Supreme Court that fairness dictates that such credit be given.[24] Our legislature, subsequent to Thompson's sentencing, recognized the inequity of denying credit for presentence time and enacted AS 11.05.040(a) requiring that credit be given for time served pending trial, sentencing, or appeal.[25] We

---

19. *Id.* at 828.

20. Thompson argues that Faulkner v. State represents new law because Justice Dimond applies to a *sentence* the same test applied in Green v. State to a *statute*. Even if we were to accept Justice Dimond's opinion as law, we would hold the application of the test to such an extremely closely analogous situation to be insufficient excuse under Merrill v. State.

Furthermore, we conclude that Faulkner v. State is not representative of such a change in *attitude* as to be tantamount to a change in law.

21. 407 F.2d 180 (2d Cir. 1969).

22. 125 U.S.App.D.C. 100, 367 F.2d 326 (1966).

23. Bail Reform Act of 1966, 18 U.S.C. §§ 3041, 3141–43, 3146–52, 3568.

24. People v. Jones, 489 P.2d 596 (Colo. 1971). We are also not unmindful of those recent United States Supreme Court decisions in which imprisonment for indigency has been declared violative of the equal protection clause of the fourteenth amendment to the United States Constitution. Tate v. Short, 401 U.S. 395, 91 S.Ct. 668, 28 L.Ed.2d 130 (1971); Williams v. Illinois, 399 U.S. 235, 90 S.Ct. 2018, 26 L.Ed.2d 586 (1970). While not directly in point, they are further evidence of the unfairness inherent in denying credit.

25. AS 11.05.040(a) provides:
When a person is sentenced to imprisonment, his term of confinement

conclude that denying Thompson credit would work an injustice which we are capable of avoiding by relaxing our rules.[26]

The sentence is vacated and the case is remanded to superior court for resentencing consistent with this opinion.

RABINOWITZ, Justice, with whom, ERWIN, Justice, joins, concurring.

I concur in the court's holding that Thompson should be granted credit for the period he was incarcerated prior to being sentenced. On the other hand, I find I am unable to join the majority in its reliance upon Merrill v. State, 457 P.2d 231 (Alaska 1969), and Criminal Rule 35(i) as the basis for failing to reach the merits of Thompson's application for post-conviction relief. I entertain doubts as to the constitutionality, under either the federal or Alaska Constitutions, of the requirement of Criminal Rule 35(i) that any ground for relief not raised in the original, supplemental, or amended application for post-conviction relief will not be considered in a subsequent application unless the court finds sufficient reason for the failure to make the assertion in the first application.

Since I am of the further view that the sentence imposed was not tantamount to cruel and unusual punishment, I concur in the overall result reached by the court in this case.

begins from the day of his sentence. A person who is sentenced shall receive credit toward service of his sentence for time spent in custody pending trial or sentencing, or appeal, if that detention was in connection with the offense for which sentence was imposed. The time during which the person is voluntarily absent from the penitentiary, reformatory, jail, or from the custody of an officer after his sentence, shall not be estimated or counted as a part of the term for which he was sentenced.

26. Alaska R.Crim.P. 53 provides:
These rules are designed to facilitate business and advance justice. They may be relaxed or dispensed with by the court in any case where it shall be manifest to the court that a strict adherence to them will work injustice.