## MYRTLE SHAMP, Respondent, v. ALBERT BOND LAMBERT, Appellant.

### St. Louis Court of Appeals, October 2, 1909.

1. **NEGLIGENCE: Automobiles: Moving Automobile Backward Without Looking or Giving Warning.** It is gross negligence for a chauffeur to move an automobile backward with great force in a public street, where persons are almost constantly getting on and off street cars, without giving warning or looking out for pedestrians.

2. **————: Contributory Negligence: Question for Jury.** Where more than one inference can be fairly drawn from the facts as to the care, or want of care, of one suing for a personal injury, the question of contributory negligence is for the jury.

3. **————: ————: ————.** The law is satisfied if individuals conduct themselves with the degree of care usually exercised by a person of ordinary prudence; and in thus conducting themselves, they are not required to anticipate negligence on the part of the others which may result in entailing injury upon them. The court is authorized to declare a plaintiff guilty of contributory negligence, and thus preclude a recovery as a matter of law, only when it appears he or she has voluntarily encountered dangers and assumed a situation fraught with imminent peril to his or her safety, when considered apart from and without the intervention of the negligence of the actor who entails the injury.

4. **————: ————: ————: Case Stated.** Plaintiff, a lady about thirty years of age, had taken a position at the usual stopping place of street cars, for the purpose of taking passage on one of them. While the car was approaching and in close proximity to her and her attention was directed upon it, an automobile, which was standing at rest eight or ten feet away, backed upon her. *Held*, plaintiff was not guilty of contributory negligence as a matter of law.

5. **MASTER AND SERVANT: Injuries Caused by Servant: Liability of Master.** The master is liable for all injuries to person or property caused by the negligence of his servant, if the act which results in the injury is done while the servant is acting within the scope of his employment in the master's service, although the act was not necessary to the performance of the servant's duties and was not expressly authorized by the master, or known to him.

Shamp v. Lambert.

6. ———: ———: ———: **Evidence.** The more fact that a tortious act is committed by the servant while he is engaged in the performance of the master's service is not sufficient to render the master liable; but it is sufficient prima facie to show that at the time the servant was actually engaged in the performance of the particular duties for which he was employed.

7. ———: ———: ———: ———. In an action for personal injuries received as a result of being struck by an automobile, although it did not appear the chauffeur was present at the particular time and place in question by instruction from his master or in the performance of his duties in conveying his master, proof of an admission by defendant that the automobile was owned by him and that the chauffeur in charge of same was his chauffeur is sufficient, prima facie at least, to shift the burden of proof upon defendant to prove the chauffeur was not acting for him at the time.

8. **PERSONAL INJURIES: Examination of Plaintiff by Surgeon: Power of Court to Order.** In an action for personal injuries, the court has power to make an order for a personal examination of plaintiff, and to enforce it by affixing proper penalties; but the making of such an order is a matter of discretion with the trial court, and the exercise of such discretion will not be interfered with on appeal, unless it is manifestly abused.

9. ———: ———: **Refusal of Court to Order: Harmless Error, When.** In an action for personal injuries, the court denied a motion to appoint surgeons to examine plaintiff, on the erroneous ground he had no such power under the law. The fact was undisputed that a heavy automobile ran over and upon plaintiff and broke several bones in her leg, resulting in permanent injury to same, and it was clear from the medical testimony she received painful internal injuries. The case was tried before a different judge than the one who denied said motion to appoint surgeons, and at a different term of court, and said motion was not renewed before the judge who presided at the trial. The verdict, after the entry of a remittitur, was for $3500. *Held*, the error of the court at a previous term in overruling the motion to appoint surgeons to examine plaintiff was harmless, in view of the facts that defendant's negligence was gross, plaintiff's injuries severe, painful and permanent, and the award of damages most conservative.

Appeal from St. Louis City Circuit Court.—*Hon. William M. Kinsey*, Judge.

AFFIRMED.

*McKeighan & Watts* and *Wm. R. Gentry* for appellant.

*John H. Drabelle* of counsel.

(1)   The court erred in overruling defendant's demurrer to the evidence for the following reasons:   (a) Because plaintiff's own evidence showed that her own negligence directly contributed with the negligence of the defendant's chauffeur in causing her to be injured. (b)   Because there was no evidence offered which showed that the chauffeur was acting in the line of his duty as the servant of the defendant.   (2)   The court erred in overruling the defendant's application for a medical examination of the plaintiff.   The court has an undoubted right to appoint a physician and surgeon to make such an examination and this was a proper case for such appointment because of the large number of internal injuries and disorders alleged to have resulted from the accident, and because of the fact that the amended petition, filed shortly before the trial, set up additional injuries not mentioned in the first petition. The following authorities show that the court had the power to make the order. Fullerton v. Fordyce, 127 Mo. 1; Haynes v. Trenton, 123 Mo. 326.   The court did not refuse it as a matter of discretion, but had an erroneous idea that the court had no power to make such order, and so stated in overruling the motion.   (3) The court erred in giving instruction No. 1 set forth on pages 70 and 71 of appellant's abstract, in that the following paragraph found in said instruction was not supported by any evidence: "And if the jury find from the evidence that on said day defendant owned and by his servant operated the automobile mentioned in the evidence."

*A. R. & Howard Taylor* for respondent.

(1) Under the undisputed evidence in this case, upon each material issue the verdict is well sustained. The plaintiff was rightfully on the street where persons in large numbers daily and almost constantly are for the purpose of boarding cars as passengers. The defendant's automobile was near the curb, some distance away, when the plaintiff, as the car approached the usual stopping place, stepped forward and stood in position to get on the car, the car came on, and as the plaintiff watched the approach of the car, the defendant's chauffeur, without looking where he was going and without giving any signal of his intention to move the automobile, suddenly drives it backward against and over the plaintiff and inflicted the injuries. (2) We submit that the application for medical examination was properly overruled because it asked the judge to do an act unauthorized by law—there being no such power in a court at the common law, and there being no statute in this State authorizing a court to make such order. Railroad v. Botsford, U. S. Sup. 141; Railroad v. Sletson, U. S. Sup. 177. Our courts have, it is true, held that courts may, in their discretion, make an order for such examination. The case of Haynes v. Trenton, 123 Mo. 326, was one where the plaintiff exhibited her person in evidence on the trial, and the court held that after the plaintiff had so put her person in evidence the defendant had the right to have surgeons examine the part so exposed in evidence. Haynes v. Trenton, 123 Mo. 326; Fullerton v. Fordyce, 121 Mo. 1.

NORTONI, J.—This is a suit for damages accrued to plaintiff through personal injuries occasioned by the negligence of the defendant. Plaintiff recovered and defendant appeals. It appears plaintiff was injured while standing in the street in order to board a street car, by the defendant's servant negligently backing his

automobile against and upon her. Plaintiff had visited Union Station on business and walked therefrom to the north side of Market street adjacent to the pavement and at the usual stopping place for street cars, near the center of the station. Her purpose was to take the first westbound street car homeward. Defendant's automobile in charge of his chauffeur was standing at the time near the pavement on the north side of Market street and within about eight feet of the point where passengers are admitted and discharged from westbound street cars. Upon the street car approaching from the east, and as it neared the usual stopping place, plaintiff stepped into the street, intending to enter the same when it stopped. While she was thus standing and before the car stopped, defendant's chauffeur, without warning to plaintiff, and without looking around, to see whether or not his act would endanger her or others, moved defendant's automobile backwards and upon her with great force. The automobile passed over her limbs and upon her body. This act resulted in breaking several bones in one of plaintiff's limbs between the ankle and knee and inflicting internal injuries as well.

Upon a trial before a jury, plaintiff recovered a verdict for $5000. Thereafter, upon consideration of the motion for a new trial, the court indicated that unless a portion of the damages recovered was remitted, a new trial would be awarded. Thereupon plaintiff entered a remittitur of $1500, and judgment was given for the plaintiff in the amount of $3500.

Neither defendant nor his chauffeur gave testimony at the trial. In fact, there was no proof introduced other than that for the plaintiff. Plaintiff and other eye-witnesses detailed the circumstances of her injury about the same. All of the testimony tends to prove a case of negligence on the part of defendant. It was certainly gross negligence for defendant's chauffeur to suddenly move the automobile backward with

great force, at least without warning that he was about to do so, or looking out for the safety of persons about the same at the crossing of a public street. It must be remembered that the place of the injury was in the public street near the Union Station in a large city, where persons are almost constantly getting on and off the street cars. These circumstances, of themselves, should enjoin care and vigilance for the safety of others upon persons operating dangerous conveyances thereabout.

It is argued, first, that the court should have declared plaintiff guilty of negligence as a matter of law, and directed a verdict for the defendant. That is to say, it is argued that plaintiff's careless conduct directly contributed to her injury in such a manner as to justify the court in declaring as a matter of law that she ought not recover. This argument is without merit. When more than one inference can be fairly drawn from the facts as to the care or want of care on the part of the plaintiff, the question of contributory negligence is for the jury. [7 Am. and Eng. Ency. Law (2 Ed.), 456; Dougherty v. Mo. Pac. Ry. Co., 97 Mo. 647.] It was certainly proper in this instance to refer the question to the jury. It may be remarked in this connection, however, that the facts present a case where the plaintiff is about as nearly without fault as any which we have had occasion to review. It appears that plaintiff, a lady about thirty years of age, was on her road from Union Station to her home. She had taken her position only a moment before at the usual stopping place of the street cars in order to enter the car when it stopped. The street car was then approaching and in near proximity to her. Plaintiff's attention was directed to the approaching car, as was entirely proper. The automobile was not coming toward her, but on the contrary, was standing at rest against the pavement, eight or ten feet away. Plaintiff had certainly no reason to suppose that it would be run backwards upon her without warning, by the careless act

of defendant's servant. "The law is satisfied if individuals conduct themselves with the degree of care usually exercised by a person of ordinary prudence; and in thus conducting themselves, they are not required to anticipate negligence on the part of others which may result in entailing injury upon them. The court is authorized to declare a plaintiff guilty of contributory negligence and thus preclude a recovery as a matter of law only when it appears that he or she has voluntarily encountered dangers and assumed a situation fraught with imminent peril to his or her safety, when considered apart from and without the intervention of the negligence of the actor who entails the injury." [Mitchell v. C. & A. Ry. Co., 132 Mo. App. 143, 153.]

It is argued the court should have directed a verdict for the defendant because it does not appear the chauffeur was acting in the line of his duty as a servant of the defendant at the time the injury was inflicted. In making this assignment of error, counsel have certainly overlooked the fact that plaintiff testified the defendant told her that the automobile was his automobile and that the chauffeur operating the same was his chauffeur; in other words, his servant. It appears that the defendant called upon plaintiff after her injury and had some conversation with her respecting the same, etc. He suggested, too, that he would furnish a physician to attend her. This she declined, however, having employed a physician on her own account. Plaintiff testified that during this conversation defendant told her that it was his automobile which inflicted the injury, and that the chauffeur operating the same was his chauffeur. This testimony is not controverted, for, as stated, neither defendant, his chauffeur, nor any other witness in behalf of defendant gave testimony in the case. The master is liable for all injuries to person or property caused by the negligence of his servant if the act which results in the injury is done while the servant is acting within the scope of his employment

in the master's service, though the act was not neces-
sary to the performance of the servant's duties and it
was not expressly authorized by the master or known
to him. [20 Am. and Eng. Ency. Law (2 Ed.), 163,
164; Ridge v. Railway Transfer Co., 56 Mo. App. 133;
Ephland v. Mo. Pac. Ry. Co., 57 Mo. App. 147; Streett
v. Laumier, 34 Mo. 469; Canfield v. Railway, 59 Mo.
App. 354; Garretzen v. Duenckel, 50 Mo. 104, 11 Am.
Rep. 405; Snyder v. Railway, 60 Mo. 413.] It may be
true that the mere fact a tortious act is committed by
the servant while he is engaged in the performance of
the master's service, is not sufficient to render the mas-
ter liable therefor, but it is certainly sufficient prima
facie to show that at the time the servant was actually
engaged in the performance of the particular duties for
which he was employed. In Garretzen v. Duenckel, 50
Mo. 104, 112, our Supreme Court said: "When the
servant acts in the course of his employment, although
outside of his instructions, the master will be held re-
sponsible for his acts." See also Snyder v. Railway
Co., 60 Mo. 413, 419. Now in this case, it appears the
defendant admitted he owned the automobile and that
the chauffeur in charge of the same at the time plaintiff
received her injury was his chauffeur; that is to say,
the chauffeur was his servant, employed for the pur-
pose of managing and operating the automobile. These
facts tended to prove the plaintiff received her injury
through the negligence of defendant's servant while act-
ing within the scope of his employment. And even
though it does not appear that the chauffeur was pres-
ent at the particular time and place in question by
instruction from his master, or perchance in the per-
formance of his duties in conveying his master either to
or from the Union Station, it does appear that he was
acting within the scope of his authority as defendant's
chauffeur; that is to say, he was operating defendant's
automobile, the very act for which he was employed.
We believe this to be sufficient, prima facie at least, to

shift the burden of proof upon the defendant if the chauffeur was not acting for him at the time. The test for the prima facie responsibility of the master in such cases is not whether the particular service being performed was specially authorized, but it is whether the act which occasioned the injury was within the scope of the servant's authority in prosecuting the business, for which he was employed by the master. If such is not the test, it ought to be sufficient for a prima facie showing; for how may the injured person prove more? [Garretzen v. Duenckel, 50 Mo. 104; Canfield v. Railway, 59 Mo. 354, 363; Evansville, etc., Ry. Co. v. McKee, 99 Ind. 519; 20 Am. and Eng. Ency. Law (2 Ed.), 167.] The word "chauffeur" involves the idea of a person having charge of or operating an automobile. The admission of the defendant to the effect that it was his automobile and that his chauffeur was in charge of the same at the time of the injury, of course tends to prove that the chauffeur was acting in the line of his employment, for if he was defendant's chauffeur then his duties were to operate defendant's automobile. We believe this testimony is sufficient for the prima facie purposes of the case; for how could plaintiff prove the particular trip to the station by the chauffeur and automobile was authorized by defendant? If, as a matter of fact, the chauffeur was not acting for the defendant at the time, the burden rested with him to show to the contrary, after plaintiff had shown so much.

Defendant complains of plaintiff's instruction number one and says it submitted facts to the jury not in evidence. The portion of the instruction complained of is as follows: "And if the jury find from the evidence, that on said day defendant owned, and by his servant was operating the automobile mentioned in the evidence," etc. The criticism levelled against this portion of the instruction is to the effect that there is no proof in the record tending to show the automobile belonged to the defendant or that it was being operated by his

chauffeur. The following quotation from plaintiff's testimony clearly dispels the predicate for this criticism, and shows it to rest on a false premise:

"Q. Did you see the defendant, Mr. Lambert, there, after you were hurt? A. Yes, sir.

"Q. Did he come to your house to see you? A. Yes, sir.

"Q. What did he say about its being his automobile and chauffeur? A. He told me it was his automobile and his chauffeur."

This testimony is sufficient in that behalf and it was properly submitted to the jury by the instruction referred to.

At a prior term of court, and before a judge other than the one presiding at the trial of the cause, defendant moved the court to appoint one or more competent physicians to examine the extent of plaintiff's injuries under an order of the court. The court overruled this motion and defendant excepted thereto. At the time the court overruled the motion, the judge then presiding, remarked: "I do not believe this court has any power to make such an order and I will never do it." It is argued here that the judgment should be reversed for the reason the court erred in overruling the motion referred to, and in not appointing a commission of surgeons to examine the extent of plaintiff's injuries. The power of the court to make and enforce an order for the personal examination of the injured party by affixing a proper penalty, must be taken as established in this State as it is in many others. The question of the power of the court in this behalf is no longer open to controversy in Missouri. [Owens v. Railway, 95 Mo. 169, 178; Fullerton v. Fordyce, 121 Mo. 1.] However, such an examination is a matter of discretion with the trial court and an exercise of its discretion thereabout will not be interfered with on appeal unless it is manifestly abused. [Owens v. Railway, 95 Mo. 169; Fuller-

ton v. Fordyce, 121 Mo. 1.] Although the judge then presiding entertained an erroneous view of the law in respect of the power of the court to order an examination, we are not inclined to reverse the judgment because of this, in view of the subsequent developments at the trial. If the judge then presiding had not indicated his view of the law on the subject, the judgment should be reversed on that account, only upon a manifest abuse of discretion appearing. From the subsequent proceedings and the testimony of the several physicians who attended the plaintiff in respect of her injuries, it is clear that the judgment should not be reversed on the ground that the court abused its discretion in denying the motion for a commission of surgeons. The fact is undisputed that a heavy automobile ran over and upon this plaintiff, who was a lady of about thirty years of age. That it broke several bones in one of her limbs, is also clear. No one disputes it. Several physicians gave testimony to that effect. It is clear also from the medical testimony that she received painful internal injuries. That she suffered much pain and is permanently injured from the broken limb is also undisputed in the case. She walks with a limp and one foot turns outward. The jury awarded her $5000. Upon an intimation from the court to the effect that the verdict was excessive, plaintiff voluntarily remitted $1500. It appears, too, that had the defendant so desired, he might have renewed his application for the appointment of a commission of physicians to examine the extent of the injury at a subsequent term of court before Judge Kinsey, who presided at the trial. If the original application at the prior term was denied solely upon the ground that the judge then presiding did not believe the power to appoint such commission was lodged in the court, then defendant might have renewed the motion at a subsequent term before Judge Kinsey who may or may not have entertained the same view of the

142 App—37

law on the subject. It is sufficient to say no further effort was made in that behalf, and while the defendant, of course, did not thereby waive his right to have the matter of the ruling made at the prior term reviewed on appeal, he nevertheless contributed the fact of his failure to move a second time before a different judge to the same end, for consideration on appeal; and this fact should be considered along with the other facts and circumstances of the case when giving judgment under the statute on the question as to whether or not the judgment should be reversed. Our statute, R. S. 1899, sec. 865, Mo. Ann. St. 1906, sec. 865, commands that judgments shall not be reversed unless the court of appeals believes that error was committed against the appellant and materially affecting the merits of the action or defense. Now from the facts stated and the developments at the trial, we believe that the denial of the order appointing a commission to examine the plaintiff, did not introduce error into the case which materially affected the merits of the defense. Indeed, as we view it, the cause, in and of itself, was almost defenseless, for the negligence was gross and the plaintiff's injuries severe, painful and permanent. Had the ruling denying the motion been placed upon discretionary grounds, the assignment of error relating thereto should certainly be overruled on appeal, in view of all the facts and circumstances attending the case. It seems that the present judgment of $3500 is a most conservative estimate of the plaintiff's damages and if another trial were to be had, no doubt a larger award would be given and affirmed.

The judgment should be affirmed. It is so ordered. *Reynolds, P. J.,* and *Goode, J.,* concur.