THOMAS N. HOLT, Respondent, v. HAMILTON-BROWN SHOE COMPANY, Appellant.

St. Louis Court of Appeals, December 8, 1914.

1. MASTER AND SERVANT: Injury to Servant: Unguarded Machinery: Sufficiency of Evidence. In an action by a servant for injuries alleged to have been sustained by reason of defendant's negligence in requiring him to work about an unguarded ripsaw, in violation of Sec. 7828, R. S. 1909, *held*, under the evidence, that the question of whether the saw could have been safely and securely guarded, so as to have prevented the injury, was for the jury.

2. NEGLIGENCE: Contributory Negligence: Question for Jury. Contributory negligence is for the jury, where the question is one about which reasonable minds may differ.

3. MASTER AND SERVANT: Injury to Servant: Unguarded Machinery: Contributory Negligence. In an action by a servant for injuries sustained by reason of his hand coming in contact with an unguarded ripsaw, where it was shown that he detached the power and waited the usual time for the saw to stop and in the dim light thought it had done so, whereupon he reached for a strip beyond the saw, and at that instant the electric light diminished so as to render him unable to see, and, in drawing his hand back, it came in contact with the saw, which was still moving, *held* that the question of whether he was guilty of contributory negligence was for the jury.

4. NEGLIGENCE: "Ordinary Care." "Ordinary care" is such care as an ordinarily prudent person would be expected to exercise in the circumstances of the case.

5. ————: Emergency Acts. The question of whether a person exercised ordinary care is to be considered with reference to the particular circumstances that obtained, and if some change of condition was suddenly thrust upon him, tending to disconcert his senses for the moment, such fact should be considered along with the others, and, in this view, an act which might ordinarily be regarded as negligent as a matter of law would be mitigated or excused, in a measure, so as to make it a question for the jury, if it was occasioned by sudden shock or surprise.

6. MASTER AND SERVANT: Injury to Servant: Safe Place to Work. It is the duty of a master to furnish sufficient light

to enable his servant to see while operating dangerous machinery.

7. ———: ———: ———: Instructions. In an action by a servant for injuries .sustained by reason of his hand· coming in contact with an unguarded ripsaw, where it was shown that he detached the power and waited the usual time for the saw to stop and in the dim light thought it had done so, whereupon he reached for a strip beyond the saw, and at that instant the electric light diminished so as to render him unable to see, and, in drawing his hand back, it came in contact with the saw, which was still moving, *held* that an instruction for plaintiff, which submitted the matter of defendant's omission of care to furnish adequate light, was not erroneous on the ground that it was not supported by the evidence, merely because plaintiff testified that the light was ample for the task of ripping, where he also testified that, after detaching the power and waiting the usual time for the saw to stop, he did not discern that it was moving because of the poor light.

8. NEGLIGENCE: Instructions: Submitting Immaterial Facts. An instruction in a negligence case which correctly submits a theory of negligence justified by the evidence is not to be condemned because it requires a finding of additional facts that are not essential to a recovery.

Appeal from St. Louis City Circuit Court.—*Hon. George C. Hitchcock*, Judge.

AFFIRMED.

*Holland, Rutledge & Lashly* for appellant.

(1) The court erred in refusing to give the peremptory instruction asked by appellant at the close of all the testimony—because there was no proof of any facts that establish liability on the part of the appellant. Bair v. Heibel, 103 Mo. App. 621; Czernicke v. Ehrlich, 212 Mo. 386; Smith v. Box Co., 193 Mo. 715; Lohmeyer v. Cordage Co., 113 S. W. 1108. Because the testimony showed that respondent was guilty of negligence as a matter of law. Williams v. Railroad, 165 S. W. Rep. 788; Maupin v. Miller, 164 Mo. App. 149; Doerr v. St. Louis Brewing Assn., 176 Mo. 547; George v. Mfg. Co., 159 Mo. 333; Beymer v. Hammond Packing

Co., 106 Mo. App. 726; Kelly v. Calumet Woolen Co., 177 Mass. 128; Chicago Packing & Provision Co. v. Rohan, 47 Ill. App. 640; Railroad v. Post, 170 Fed. 943; Kehoe v. Stern, 114 N. Y. Sup. 14; Newport News v. Beaumeister, 104 Va. 744; Jones v. Moran, 45 Wash. 391; Larson v. Knapp, 98 Wis. 178; Bridges v. Gresham, 111 Ga. 814; Weller v. Consolidated Gas Co., 198 N. Y. 98; Trainer v. Mining Co., 243 Mo. 373. (2) The court erred in giving instruction number 2 at the instance of respondent: (a) Because said instruction states generally that it was the duty of appellant to furnish respondent a reasonably safe place in which to work instead of limiting the duty to the specific acts of negligence set out in the petition. Adolph v. Columbia Pretzel B. Co., 100 Mo. App. 199; Feary v. Railroad, 162 Mo. 75; Chitty v. Railroad, 148 Mo. 64; McManamee v. Railroad, 135 Mo. 446; Waldheir v. Railroad, 171 Mo. 314; McCarty v. Hotel Company, 144 Mo. 397. (b) Because said instruction states that it was the duty of appellant under the common law to guard the saw in question, whereas under the common law no such duty exists. Bair v. Heibel, 103 Mo. App. 621; Lohmeyer v. Cordage Co., 113 S. W. 1108; Czernicke v. Ehrlich, 212 Mo. 386; Smith v. Box Co., 193 Mo. 715. (c) Because said instruction predicates recovery upon the alleged negligence on the part of appellant to furnish reasonably adequate light when there was no evidence of any negligence on the part of appellant in this regard. Stone v. Hunt, 114 Mo. 66; State v. Hope, 102 Mo. 410; Evans v. Interstate Co., 106 Mo. 594; State v. Brown, 145 Mo. 680; Wilkerson v. Eilers, 114 Mo. 215; Yarnell v. Railroad, 113 Mo. 570; Waldhier v. Railroad, 89 Mo. 106; Woods v. Campbell, 110 Mo. 572. (d) Because by said instruc- the jury were erroneously charged in reference to the defense of contributory negligence. (3) The court erred in giving instruction number 3 at the instance of respondent: (a) Because there was no evidence of

any violation of the statute of the State of Missouri in reference to guarding dangerous machinery. (b) Because the said instruction improperly eliminates the defense of contributory negligence where a violation of the statute is claimed. Huss v. Heydt Bakery Co., 210 Mo. 44. (4) The court erred in refusing to give instruction number 15 offered by appellant. Where there is no evidence to sustain a charge of negligence contained in a petition it is the duty of the court at the instance of the defendant to take such issue from the jury. Chrismer v. Bell Telephone Co., 194 Mo. 189. (5) The court erred in refusing to grant a new trial because the verdict of the jury was excessive.

*Leahy, Saunders & Barth* for respondent.

(1) Concerning the issue of negligence: (a) All of the evidence establishes a violation of the statute of the State of Missouri in reference to guarding dangerous machinery (Sec. 7828, R. S. Mo. 1909). This constitutes negligence *per se*. Stafford v. Adams, 113 Mo. App. 717; Millsap v. Beggs, 122 Mo. App. 1; Lore v. American Mfg. Co., 160 Mo. 608. Respondent's instruction 3 correctly declared the law with reference to the statutory requirements. Nor was the defense of contributory negligence eliminated. The court gave, at the request of appellant, at least five separate instructions on the issue of contributory negligence, being instructions numbers 6, 7, 8, 10 and 11. (b) In addition, there was evidence of appellant's negligence in failing to exercise reasonable care in furnishing the respondent a reasonably safe place in which to work. Respondent was placed at work in a dark basement and was made to trust to the efficiency of a single incandescent light. Malkmus v. St. Louis Portland Cement Co., 150 Mo. App. 446. Respondent's instruction 2 was also proper. It simply required the jury to find an additional fact of negligence, and as to this appellant

cannot complain. (2) Concerning the issue of contributory negligence: (a) On the question of the respondent's alleged contributory negligence precluding him as a matter of law, every reasonable intendment to be drawn from the evidence offered by him must be indulged in his favor and the evidence introduced in his behalf regarded as absolutely true. "When more than one inference can be fairly drawn from the facts as to his care or want of care, the question of contributory negligence is for the jury." Shamp v. Lambert, 142 Mo. App. 567; Heine v. Railroad, 144 Mo. App. 443; Meng v. Railroad, 108 Mo. App. 553; Hollweg v. Bell Telephone Co., 195 Mo. 149; Eckhard v. St. Louis Transit Co., 190 Mo. 593; Gratoit v. Railroad, 116 Mo. 466; Troll v. Drayage Co., 254 Mo. 332. (b) Respondent was injured while under the impulse of a sudden shock or surprise occasioned by the unexpected dimming of the single light furnished him while working at the unguarded saw. This light became dim while respondent was in the very act of reaching over for his strips. It is established law that under such conditions contributory negligence will not be inferred as a matter of law. Dutzi v. Geisel, 23 Mo. App. 676; Carney v. Brewing Association, 150 Mo. App. 437; Dean v. Railroad, 156 Mo. App. 634; Davidson v. Railroad, 164 Mo. App. 701; Jewell v. Manufacturing Co., 143 Mo. App. 200; Dickson v. Railroad, 124 Mo. 140; 3 Labatt, "Master and Servant" (2 Ed.), sec. 1235; Shearman and Redfield, "The Law of Negligence" (6 Ed.), secs. 85, 213; Beach on "Contributory Negligence" (3 Ed.), sec. 40. The situation is not one where a plaintiff deliberately took the chance of injury. There was no "groping in the dark." The issue of contributory negligence in like cases wherein a plaintiff was put to work on unguarded or dangerous machinery has been left as a question of fact for the jury. Stafford v. Adams, 113 Mo. App. 717; Millsap v. Beggs, 122 Mo. App. 1; McGinnis v. Printing Co., 122 Mo. App. 227; Adolff v.

Columbia Pretzel & Baking Co., 100 Mo. App. 199; Malkmus v. Cement Co., 150 Mo. App. 446; Trent v. Printing Co., 141 Mo. App. 437; Ludwig v. Cooperage Co., 156 Mo. App. 117; Lobban v. Railroad, 159 Mo. App. 464.

NORTONI, J.—This is a suit for damages on account of personal injury received through the negligence of defendant. Plaintiff recovered and defendant prosecutes the appeal.

Plaintiff lost a finger by means of a ripsaw installed in defendant's basement and sues under the statute requiring dangerous machinery to be guarded.

It appears plaintiff was a carpenter in defendant's employ and among other things worked about a ripsaw in the basement. The ripsaw was installed in a table about four feet wide and twelve feet long and propelled by motive power attached. The table and ripsaw stood in the basement of defendant's building, which was more or less dark. It appears that the basement was lighted by two small windows, about forty feet distant from the work table, and one incandescent electric light suspended from the ceiling some three or four feet from the saw. The evidence tends to prove that the light was poor, but plaintiff said it was sufficient to enable him to see when operating the saw. At the time of his injury and immediately before, plaintiff had been using the saw to rip a number of strips and finished that task in so far as the ripping was concerned. Thereupon he pulled the lever through which the power was disconnected and waited for a minute and a half or two minutes for the saw to stop. The saw, it is said, was circular in character and about fourteen inches in diameter. It was installed about the center of the top of the table and as much as five inches of it protruded above the top. When in operation, of course, it revolved rapidly and the evidence is that it usually stopped and became stationary about a

minute or a minute and a half after the power was dis-
connected. After disconnecting the power, plaintiff
says he waited the usual length of time for the saw to
stop, looked at it, and, in the dim light, thought it had
done so, whereupon he reached beyond to take up from
the table the strip which he had ripped off, and at that
instant the incandescent light diminished, so as to ren-
der him unable to see the saw, and in drawing his hand
backward with the strip, it came in contact with the
teeth of the saw, still in motion, and severed his fin-
ger.

The petition describes the situation of the saw in
the basement, the poor light afforded, and proceeds to
charge that defendant was negligent in requiring plain-
tiff to work about the unguarded ripsaw in a basement
so insufficiently lighted. Of course, the gravamen of
the charge pertains to the violation of the statutory
duty with respect of such matters, but the insufficient
light is interwoven therewith as if to augment the neg-
ligent conduct of defendant. The statute declared up-
on is as follows:

"The belting, shafting, machines, machinery, gear-
ing and drums, in all manufacturing, mechanical and
other establishments in this State, when so placed as
to be dangerous to persons employed therein or there-
about while engaged in their ordinary duties, shall be
safely and securely guarded when possible; if not pos-
sible, then notice of its danger shall be conspicuously
posted in such establishments." [Section 7828, R. S.
1909.]

There is an abundance of evidence in the record
tending to prove that defendant could have installed
a guard, known as a scissor hinge, over the saw, which
would have prevented the injury complained of and yet
not have interfered with its efficiency as a ripsaw. No
such guard was installed and, indeed, no guard what-
ever, for that matter, was provided therefor. It is
argued the judgment should be reversed because it is

said defendant may not be regarded as having violated the statute for that the evidence does not affirmatively disclose the saw could have been "safely and securely guarded" so as to have prevented injury whatever. But, obviously, such is a question for the jury. It is said that any guard to be installed about the saw must leave an unguarded space between the table and the guard above it through which the strip of timber on which the ripping is done should pass and so much at least as is unguarded entails some risk of injury. But be this as it may, the evidence is, that the saw could have been sufficiently and securely guarded so as to have prevented the injury in the instant case, and we regard this as sufficient. Of course, if such a guard were installed and it appeared plaintiff tucked his fingers beneath the guard and against the saw, as suggested in the hypotheses advanced in the argument, another question would arise. Suffice to say, no such question appears in the case, and the jury found the fact to be that the saw could have been safely and securely guarded so as to prevent the injury complained of.

But it is argued plaintiff must be declared negligent as a matter of law, for it appears he placed his finger against the teeth of the saw immediately before him. It is true the question concerning this matter is not entirely free from doubt. But if it be one about which reasonable minds may differ, then it is for the jury. [See Shamp v. Lambert, 142 Mo. App. 567, 121 S. W. 770.] No one can doubt that the duty devolved upon plaintiff to exercise ordinary care for his own safety while working about the saw, and the question is to be considered with reference to the conduct of an ordinarily prudent man under the same or similar circumstances. It is true plaintiff was familiar with the saw and had operated it frequently before. He admits that he knew it was dangerous and liable to sever a finger permitted to come in contact with it. But he

says, too, the saw always theretofore stopped revolving a minute or a minute and a half after the power was disconnected; that on this occasion, having completed the task of sawing, he pulled the lever, disconnected the power, and waited for a minute and a half or two minutes for the saw to stop. The basement was poorly lighted.    The two small windows were some forty feet away and only one incandescent light had been furnished by defendant at the working place. This light, it is said, hung some three or four feet distant from the saw. Plaintiff says, after waiting a minute and a half or two minutes, he looked at the saw to discern if it were still moving, but because of the poor light was lead to believe it had stopped, and thereupon immediately reached forward to pick up the strip from the working table. Simultaneously with reaching forward, the glow of the one incandescent light, which was under defendant's control, suddenly diminished so as to envelop the situation in almost complete darkness for an instant and as he drew his hand back with the strip, he came in contact with the saw still revolving. We cannot say, on these facts, as a matter of law, that no ordinarily prudent man would have done likewise under the circumstances.

Although the case is similar to, it is not identical in principle with, Kelley v. Calumet Woolen Co., 177 Mass. 128, for there the plaintiff actually groped in the dark amid dangers which beset the place.    In other words, in that case the darkness came upon the scene first, and after the incandescent light had gone out, plaintiff groped with his hands in the dark in an endeavor to reach the shipper, in order to stop the machine with his left hand, and in this wise was injured, through permitting his right hand to come in contact with and be crushed by the quadrant gear.    There the machinery was known by the injured party to be in operation and moving at full blast.    Upon the going out of the light, he voluntarily put forward his hand

in a place of known danger and received his injury. Here the situation was different. The light was normal but dim, at the time plaintiff looked at the saw after waiting a sufficient period for it to stop, and, as he says, it appeared to be motionless. Ordinary care would require him to wait a sufficient length of time for the saw to stop and this he says he did, according to the usual course. The light was dim, though normal, at the time—that is, such light as had prevailed all the while—and with its aid plaintiff appears to have made such an observation as an ordinarily prudent person might, in the circumstances which prevailed. It is true the saw had not entirely stopped at the time, but it appeared to him as though it had, and thereupon he put forward his hand to pick up the strip beyond it. Simultaneously with this movement, the incandescent light flickered out and he withdrew his hand with the strip, but in the darkness of the instant brought his finger in contact with the moving saw.

There is a principle in the law of negligence, available to plaintiff here, which proceeds to alleviate the consequences of one's conduct under the stress of shock or surprise produced by the act of defendant at the time. At most one may not be held to account for more than ordinary care and that is such care as an ordinarily prudent person would be expected to exercise in the circumstances of the case. Such care and the conduct of a party in judgment is to be considered with reference to the particular circumstances which obtain at the time, and if it appear that some change of conditions is suddenly thrust upon him tending to disconcert the senses for the moment, it is competent to reckon with this fact along with the others. In this view, an act which might ordinarily be regarded negligent as a conclusion of law is frequently mitigated or excused in a measure so as to render it a matter for the jury, if it appears to have been occasioned under sudden shock or surprise. [See Dutzi v. Geisel,

23 Mo. App. 676.] Here the light suddenly went out simultaneously with plaintiff's reach for the strip, and no doubt this fact tended to disconcert him for the time, so as to remove the possibility of deliberation on the best course to pursue. Having advanced his hand to take up the strip, he did so in the dark, and withdrew it, to the hurt complained of. No doubt, as counsel has well said, the injury came because, forsooth, the body could not respond as quickly as the senses could perceive. We believe the question of plaintiff's contributory negligence was one for the jury.

Plaintiff's second instruction submits the case to the jury as for a violation of the statute and treats conjunctively therewith the matter of insufficient light in the basement. The theory of the instruction is, that defendant was remiss in its duty not only in failing to guard the saw but in furnishing plaintiff such unguarded saw with which to work in the poorly lighted basement. The jury were directed thereby, and a verdict for plaintiff was authorized, if he could not, by the exercise of "ordinary care at the time, see that said saw was still revolving, and further believed from the evidence that the defendant failed to use ordinary care to safely and securely guard said saw, and failed to use ordinary care to furnish reasonably adequate light in the place in which said saw was located." It is said that so much of the instruction as submits the matter of defendant's omission of care to furnish an adequate light is erroneous because plaintiff testified as he did that the light, though poor, was sufficient for him to perform the task of ripping the strips. It is argued that this portion of the instruction is not supported by the evidence because plaintiff so testified. But we are not persuaded the judgment should be reversed because of this, for though plaintiff testified as above stated, he testified, too, that upon looking at the saw, after waiting a minute and a half or two minutes for it to stop, he did not discern it was moving, because of the

insufficient light. The matter of the sudden diminishing of the light at the time of the injury counts more particularly on the question of contributory negligence and is not to be considered here for the reason it does not appear such occurred through defendant's fault. But no one can doubt that the obligation of ordinary care resting on defendant required it to furnish an adequate light to enable plaintiff to see while operating the saw in ripping the strips and until it had ceased its motion after the power was detached, and this, too, independent of and apart from the sudden diminishing of the light which presently occurred. It may be that, while he was bended over the table feeding the saw in the usual fashion, the light was ample for the task, but when the ripping process was completed and he stood erect beside the table, as the saw gradually lessened its speed, it would seem the obligation to furnish adequate light continued so that he might see whether it stopped or not. As to this feature of the case, the evidence, apart from that concerning the sudden darkness, amply supports the instruction and we regard it well enough. However, the finding with respect to the light at that time is by the conjunction "and" required in addition to the finding of facts under the statute which affixes liability on defendant. At most such matter complained of is but the finding of an additional fact of negligence in conjunction with the liability on the statute and not as a separate predicate of liability entirely. This being true, defendant may not complain.

There are other questions suggested in the brief, but we do not regard them as possessing sufficient merit to warrant discussion in the opinion. The arguments concerning them have been considered and are overruled.

The judgment should be affirmed. It is so ordered. *Reynolds, P. J.,* and *Allen, J.,* concur.