OGLAND *v.* DETROIT EDISON CO.

1. MASTER AND SERVANT—SERVANT'S NEGLIGENCE—SCOPE OF EMPLOYMENT—EVIDENCE.

In action against employer for injuries inflicted by automobile driven by its employee, testimony that automobile had sign in window bearing defendant's name, that driver was identified as employee of defendant, that driver was employed in trouble department and was sent by defendant from place to place in city, and that driver was on duty day of accident, *held*, sufficient to justify inference by jury that driver was acting within scope of his employment with defendant at time of accident, in absence of showing to contrary.

2. EVIDENCE—TELEPHONE CONVERSATION—ADMISSIBILITY.

In action against employer for injuries inflicted by automobile alleged to be owned by it and driven by its employee, testimony as to conversation had by witness with man in defendant's office who said he was its manager, and that it had report of said accident, *held*, material, and competent as bearing on relation between driver of automobile causing injuries and defendant.

3. TRIAL—INSTRUCTION—REQUESTS TO CHARGE—CONTRIBUTORY NEGLIGENCE.

Where, in negligence case, at no time during trial did defendant claim that there was question of fact in regard to plaintiff's contributory negligence, and its only claim was that plaintiff was guilty of contributory negligence as matter of law, court's instruction that question of contributory negligence was not in case was not error; especially in view of fact that defendant made no request to charge in relation thereto.

As to admissibility of evidence of conversations by telephone, see annotation in 17 L. R. A. 440.

As to necessity and sufficiency of identification as a foundation for the admission of a conversation or communication by telephone, see annotation in L. R. A. 1918D, 720.

Appeal from Wayne; Toms (Robert M.), J.  Submitted October 14, 1932.  (Docket No. 108, Calendar No. 36,683.)  Decided January 25, 1933.

Case by Cecil Ogland against Detroit Edison Company, a corporation, and another for personal injuries alleged to be due to defendants' negligence. Verdict and judgment for plaintiff.  Defendant company appeals.  Affirmed.

*Sol Blumrosen,* for plaintiff.

*Bishop & Weaver,* for defendant company.

FEAD, J.  About one o'clock in the afternoon of December 27, 1929, plaintiff, to board a street car, stepped from the sidewalk on Gratiot avenue in Detroit, between two automobiles parked about two and one-half feet apart.  When she had taken a couple of steps the car ahead began to back; she tried to return to the sidewalk and was struck and injured.

The claim of negligence was in violating an ordinance of the city which requires operators of cars, before backing, to ascertain that it can be done safely and to give unmistakable warning signals. Defendant moved for directed verdict, which was denied.  Plaintiff had verdict and judgment.

Defendant contends that no connection was shown between the driver of the car and defendant.  There was testimony that the car had a sign in the window reading "Detroit Edison Company Service."  Harold Fisher was identified as the driver.  He was an employee of defendant in the trouble department. He went from place to place on telephone instructions to locate and correct defects in service.  He was on duty at the time the accident occurred, although he denied being in the neighborhood then. The jury found that he was present and caused the

injury, and, in the absence of any showing to the contrary, it could infer from the established facts that Fisher was acting within the scope of his employment with defendant. *Burns* v. *Michigan Paint Co.,* 152 Mich. 613 (16 L. R. A. [N. S.] 816) ; *Shamp* v. *Lambert,* 142 Mo. App. 567 (121 S. W. 770).

Plaintiff's husband was permitted to testify that a few days after the accident he telephoned defendant's office at the number stated in the telephone directory, a girl answered, he asked for the manager, a man talked with him and told him that the company had a report of the accident. The testimony was material as bearing upon the relation between Fisher and defendant, and its competency, without further identification of the "manager," is established by *Theisen* v. *Detroit Taxicab & Transfer Co.,* 200 Mich. 136 (L. R. A. 1918D, 715), where the subject is fully discussed.

Defendant complains because the court instructed the jury that the question of contributory negligence was not in the case, as there was no evidence of contributory negligence. At no time during the trial did defendant claim there was a question of fact on the subject. Its only claim was that plaintiff was guilty of contributory negligence as a matter of law. It presented no request to charge. When the court had completed his charge, he asked whether there were further requests; defendant suggested one, which was given, and no intimation was made that contributory negligence was an issue for the jury. Under familiar rules, as defendant did not request a charge, there was no error in this respect.

Judgment affirmed, with costs.

McDONALD, C. J., and CLARK, POTTER, SHARPE, NORTH, WIEST, and BUTZEL, JJ., concurred.