ANDERSON v. KEARLY.

1. Automobiles—Prima Facie Case—Evidence.
In action arising from collision of eastbound car in which plain-
tiff's decedent was a passenger and westbound car driven by
defendant's decedent, evidence showing position of cars after
the collision and the debris on south side of two-lane highway
and that right front of westbound car and left front of east-
bound car were damaged *held*, sufficient to establish a prima
facie case for plaintiff.

2. Evidence—Inferences.
The jury may draw reasonable and legitimate inferences from
established facts.

3. Negligence—Inferences—Evidence.
Negligence may be inferred from the facts and circumstances.

4. Same—Physical Facts.
Physical facts may justify a jury finding that defendant is
guilty of negligence.

5. Same—Inferences.
Negligence may be inferred from circumstances which place the
case within the field of legitimate inferences from established
facts.

6. Appeal and Error—Directed Verdict—Inferences—Evidence.
On a motion to direct a verdict against plaintiff the testimony
and all legitimate inferences which may be drawn from it most
favorably to plaintiff must be accepted.

7. Automobiles—Head-On   Collision—Evidence—Credibility   of
Witnesses.
Verdict for plaintiff was not against the great weight of the evi-
dence where plaintiff's prima facie showing that head-on auto-
mobile collision occurred on side of highway on which his
decedent was riding, as controverted by testimony of witness,

Function of court and jury in cases involving defendant's negli-
gence, see 2 Restatement, Torts, §§ 284, 285, 437.

rebutting such showing, but who was impeached by a showing that he stated upon three different occasions he was not present 'when the collision occurred, presented a question of fact, as the credibility of a witness is in the sole province of a jury to determine.

8. SAME—HEAD-ON COLLISION—INSTRUCTIONS—REQUESTS TO CHARGE —NEGLIGENCE—MINORS.

Claim of error in that charge of court, as given in action arising out of a head-on collision, impressed jury with thought that if collision occurred on defendant's side of road, defendant would still be liable because plaintiff's decedent, a passenger in oncoming car, was less than 21 years of age *held,* without merit, where defendant was presented with opportunity to present additional requests to charge but declined to give any and court fully instructed jury that if collision occurred on defendant's right side of road plaintiff could not recover although if collision were due to negligence of each driver, plaintiff could recover.

9. DAMAGES—DEATH—MINORS—EVIDENCE.

Verdict of $3,000 for administrator of estate of boy who was 17 years of age when killed *held,* under amended death act, where undisputed funeral expense was $232.50 and deceased's work on farm for father was worth from $2.50 to $3.50 a day, well within the range of the testimony (3 Comp. Laws 1929, § 14061 *et seq.,* as amended by Act No. 297, Pub. Acts 1939).

10. APPEAL AND ERROR—DAMAGES—EVIDENCE.

A jury's determination as to damages which are prospective and difficult of exact ascertainment will not be disturbed on appeal if reasonably within the range of the testimony.

Appeal from Bay; Smith (Carl H.), J.  Submitted October 5, 1945.  (Docket No. 21, Calendar No. 43,041.)  Decided December 3, 1945.

Case by Lewis Anderson, administrator of the estate of Donald Anderson, deceased, against James Kearly, administrator of the estate of Arnold R. Miller, deceased, for damages caused by the death of plaintiff's decedent due to negligence of defendant's decedent.  Verdict and judgment for plaintiff.  Defendant appeals.  Affirmed.

*Heilman & Purcell* and *Albert A. Smith,* for plaintiff.

*Otto & Otto* and *William J. Williams,* for defendant.

SHARPE, J. This is an action instituted by Lewis Anderson, administrator of the estate of Donald Anderson, deceased, against James Kearly, administrator of the estate of Arnold R. Miller, deceased, to recover damages arising out of the death of Donald Anderson.

At about the hour of 9:15 a.m., on February 22, 1942, plaintiff's decedent, Donald Anderson, was a passenger in a Ford car driven by Roland Whipple in an easterly direction on highway US–23 at a point approximately three miles north of the village of Au Gres, Michigan. The highway consists of a concrete slab 20 feet wide which is divided by a center line. At that time, it was dry and clear of snow. The day was fair. There were four people in the Ford car, namely, Roland Whipple and three Anderson boys. At approximately the same time, a Buick car was approaching from the east. This car was being driven by Arnold R. Miller and contained two other passengers, namely, Maude Miller, wife of Arnold R. Miller, who was riding in the front seat beside the driver, and Mrs. Gilpin who was riding in the back seat.

The cars collided and after they ceased moving, the Ford car was on the south half of the highway, but facing in a westerly direction. The Buick car was on the south side of the highway at a distance of about 10 feet east of the Ford car, with its front end out on the south shoulder and pointing in a southerly direction, and with its hind wheels resting

near the southerly edge of the pavement. Both cars were badly damaged and as a result of the collision Dr. Miller, Donald Anderson, and Howard Anderson were killed. All of the debris, consisting of radiator fluid, oil and broken glass, was on the south side of the highway.

Plaintiff's decedent, Donald Anderson, was a minor of the age of 17 years. He lived and worked on a 178-acre farm leased and operated by his father, Lewis Anderson.

The cause came on for trial and at the close of plaintiff's proofs, defendant moved for a directed verdict on the ground that there was no showing of negligence of defendant's decedent. The motion was taken under advisement under the Empson act.[*] Defendant then proceeded with his proofs at the close of which he renewed his motion for a directed verdict, which was again taken under advisement. The cause was submitted to the jury which returned a verdict for plaintiff of $3,000. Defendant made a motion for judgment notwithstanding the verdict which was denied and judgment entered. Subsequently, defendant made a motion for a new trial. This, also, was denied.

Defendant appeals and urges that plaintiff failed to show that defendant committed any acts of negligence; that the court erred in instructing the jury; and that there was not sufficient proof of plaintiff's damages.

The principal issue in this case is whether the motion for a directed verdict should have been granted. Plaintiff produced testimony showing the position of the cars after the collision and the debris, all of which was located on the south side of the highway,

[*] See 3 Comp. Laws 1929, § 14531 et seq., as amended by Act No. 44, Pub. Acts 1939 (Comp. Laws Supp. 1940, § 14531, Stat. Ann. and Stat. Ann. 1944 Cum. Supp. § 27.1461 et seq.).—REPORTER.

and that the right front of the Buick was damaged while the left front of the Ford car in which plaintiff's decedent was riding was damaged. Defendant urges that the physical facts do not explain where the collision took place, and, therefore, plaintiff did not establish a prima facie case, thus resulting in the trial court committing error in its failure to grant defendant's motion for a directed verdict made at the close of plaintiff's case. We are not in accord with this theory.

In *Brown* v. *Arnold*, 303 Mich. 616, 623, we said:

"The facts we have recited were established by the testimony, and we have repeatedly held that a jury may draw reasonable and legitimate inferences from established facts. Negligence may be inferred from the facts and circumstances. Physical facts may justify a jury finding that defendant is guilty of negligence. *Faustman* v. *Hewitt*, 274 Mich. 458; *Trent* v. *Pontiac Transportation Co.*, *Inc.*, 281 Mich. 586. Negligence may be inferred from circumstances which place the case within the field of legitimate inferences from established facts. *Fish* v. *Railway*, 275 Mich. 718."

Having in mind that upon a motion to direct a verdict against plaintiff, the testimony and all legitimate inferences which may be drawn from it most favorable to plaintiff must be accepted, we are of the opinion that plaintiff established a prima facie case.

Defendant also urges that the only eyewitness to the collision was one Richard Tremble who testified that the collision took place on the north side of the highway and that such testimony rebutted the prima facie showing that the collision took place on the south side of the highway. We have in mind that the testimony of this witness was impeached by a showing that he stated upon three different occasions

that he was not present when the collision occurred. In *Buttermore* v. *Faleris,* 304 Mich. 294, 302, we said: "The credibility of a witness is the sole province of a jury." In the case at bar, the jury by returning a verdict in favor of plaintiff must necessarily have given no credit to the testimony of this witness. The jury had a right to disbelieve his testimony. The physical facts as controverted by the testimony of this witness presented a question of fact for the jury and we cannot say that their verdict was against the great weight of the evidence.

It is urged that the trial court was in error in instructing the jury as follows:

"I charge you that under the law of this State, drivers of vehicles proceeding in opposite directions shall pass each other to the right, each giving to the other at least one-half of the main-traveled portion of the roadway, as near as possible. Now, if you find from the testimony that the defendant's vehicle, that is the Buick, was driven on the wrong side of the highway and into a collision with the vehicle in which plaintiff's decedent, that is, Donald Anderson, was riding, and the plaintiff's vehicle was on its own side of the road, the defendant's decedent, that is Dr. Miller, would be guilty of negligence, and if you find that this negligence was the proximate cause of the accident, then the plaintiff is entitled to recover in this action.   *   *   *

"Now, I charge you that if you find that Dr. Miller was guilty of negligence by driving on the wrong side of the road, which was the proximate cause of the accident, and subject to the qualification which I gave you earlier about the justifications of an emergency, and if you also find that the driver of the car in which Donald Anderson was riding was guilty of negligence, such as driving partly on his wrong side of the highway, then and in that event you would still find for the plaintiff, because the neg-

ligence of his driver was not imputed to Donald Anderson, because he was under the age of 21 years.''

The objection to the instructions is that the jury was impressed with the thought that if the collision ocurred on the north side of the road, defendant would be liable for damages because plaintiff's decedent was less than 21 years of age. It is to be noted that the trial court also gave the following instruction:

"Now, in the case here under consideration, the negligence which is claimed is the violation of a statute that is a State law, which is on the books of this State and reads as follows: (I am reading not all of the law but the relevant portion of it, that part which concerns you and by which you will be guided) 'Upon all highways of sufficient width, except upon one-way streets, the driver of a vehicle shall drive the same upon the right half of the highway, unless it is impracticable to travel upon such side of the highway, and except when overtaking and passing another vehicle.' Now, if either of the parties violated this by crossing the center line of the highway, such party was guilty of negligence, unless you find that the crossing was performed in an effort to avoid a collision which was made imminent by the other party's first crossing the highway onto the wrong side thereof. I charge you, therefore, that if the defendant, Arnold R. Miller, crossed the center line of the highway with any part of this automobile, into the path of the oncoming car which was driven by Roland Whipple and in which the deceased was an occupant, then Arnold Miller was guilty of negligence unless his crossing was caused by Whipple's car first crossing the center line to the northerly side of the pavement, thereby creating a condition of peril from which Dr. Miller may have been attempting to escape.''

The record shows that no requests to charge were given by defendant's counsel. We call attention to

the following which occurred at the close of the court's instructions to the jury. By the court: "Does either counsel have anything to suggest with reference to any charge which I may have omitted, or enlargement upon any charge which I have given? If so, you can come up here and advise me about it." Mr. Otto, attorney for defendant, replied: "We have none, your Honor."

In *Ogland* v. *Detroit Edison Co.,* 261 Mich. 583, we said:

"Defendant complains because the court instructed the jury that the question of contributory negligence was not in the case, as there was no evidence of contributory negligence. At no time during the trial did defendant claim there was a question of fact on the subject. Its only claim was that plaintiff was guilty of contributory negligence as a matter of law. It presented no request to charge. When the court had completed his charge, he asked whether there were further requests; defendant suggested one, which was given, and no intimation was made that contributory negligence was an issue for the jury. Under familiar rules, as defendant did not request a charge, there was no error in this respect."

We have examined the entire charge of the court and we are of the opinion that the court fully instructed the jury that if the collision occurred on the north side of the highway, plaintiff's decedent could not recover, or if the collision occurred due to the negligence of each driver, then there could be a recovery. The issue involved centered around the place where the collision occurred.

It is also urged that the trial court was in error in permitting the jury to speculate upon the damages suffered by plaintiff. It is undisputed that the funeral expense of Donald Anderson was $232.50, thus

leaving a balance of $2,767.50 for loss of services from the date of his death until his twenty-first birthday, a period of 3 years, 2 months and 10 days.

The record shows that deceased was healthy, was 5 feet 11 inches in height, and weighed 197 pounds. His father was employed at the Defoe ship building company at Bay City, but leased a 178-acre farm near Millington. Deceased worked on the farm and after his death, the father found it necessary to quit his job at the shipyard and return home to work on the farm. Wages in that vicinity for farm help during the harvest season were $3.50 per day and during the balance of the year varied from $2 to $2.50 per day. It is also shown that deceased spent most of his time working on the farm operated by his father.

The statute under which the present action was brought (Act No. 38, Pub. Acts 1848 [3 Comp. Laws 1929, § 14061 *et seq.*], as amended by Act No. 297, Pub. Acts 1939 [Comp. Laws Supp. 1940, § 14061 *et seq.*, Stat. Ann. 1944 Cum. Supp. § 27.711 *et seq.*]) provides in part:

"In every such action the court or jury may give such damages, as, the court or jury, shall deem fair and just, with reference to the pecuniary injury resulting from such death."

The rule which we have followed is stated in *Rufner* v. *City of Traverse City*, 296 Mich. 204, as follows:

"It is next urged that the verdict as remitted is grossly excessive. The resulting damages in this case are prospective and difficult of exact ascertainment. *Oakes* v. *Van Zomeren*, 255 Mich. 372. The determination of such damages will not be disturbed on appeal if reasonably within the range of the testimony. *Kinsler* v. *Simpson*, 257 Mich. 7. In the case at bar the testimony is conflicting as to the

prospective earning power of the deceased, but the amount of damages allowed is not outside of the range of the testimony and should not be disturbed."

In our opinion the damages allowed were well within the range of the testimony.

The judgment is affirmed, with costs to plaintiff.

STARR, C. J., and NORTH, CARR, BUTZEL, BUSHNELL, BOYLES, and REID, JJ., concurred.