·MAJOR *v.* SOUTHWESTERN MOTOR SALES, INC.

1. APPEAL AND ERROR—VERDICTS—EVIDENCE.

   The verdict of a jury is final where there is substantial evidence to support it and a question of fact is involved.

2. SAME—QUESTIONS REVIEWABLE—CONTRIBUTORY NEGLIGENCE—EVIDENCE.

   In action for damages arising out of an automobile collision at a street intersection where there was substantial evidence to support jury's verdict of no cause of action, submission of issue of plaintiff's contributory negligence was harmless error and rendered it unnecessary to pass upon question as to whether plaintiff was guilty of contributory negligence as a matter of law.

3. TRIAL—FAILURE TO INSTRUCT—REQUEST TO CHARGE—APPROVAL OF CHARGE AS GIVEN.

   The failure to instruct on the law governing rights and duties of motorists in entering intersections and in defining the duties and standard of care owed by defendants while emphasizing the duties with which plaintiffs were to be charged by giving an instruction relative to contributory negligence did not constitute reversible error where attorneys had given no requests to charge and expressed their satisfaction with the charge as given at its conclusion.

4. SAME—FAILURE TO INSTRUCT—REQUEST· TO CHARGE—ERRONEOUS INSTRUCTIONS.

   Rule that failure to instruct, in absence of request to charge, is not error does not excuse the giving of erroneous ·instructions.

5. AUTOMOBILES—CONTRIBUTORY NEGLIGENCE—INTERSECTIONS—INSTRUCTIONS.

   In action arising out of collision between plaintiffs' eastbound car and defendants' northbound car at street intersection not regulated by traffic lights or stop signs, where it appeared that plaintiff driver had stopped 17 feet west of west curb and

---

Contributory negligence of plaintiff a question of fact for jury, see 2 Restatement, Torts, § 434, comment c; contributory negligence of plaintiff's husband not imputable to her, p. 1266, topic 4, §§ 485, 487; little, if any, distinction between guest passenger and a passenger for hire as far as imputation of driver's negligence is concerned, see 2 Restatement, Torts, § 490.

saw car approaching 415 feet to the south and when at middle of 38-foot pavement, saw defendants' car some 60 feet away and although able to stop within a distance of 3 or 4 feet speeded up his car and was hit when front wheels were 2 or 3 feet from east curb, instruction that, in determining whether or not plaintiff driver was guilty of contributory negligence, jury should use as a standard the ordinary prudence of a person of the age, intelligence and experience of such plaintiff *held,* not to have misled jury on issue of contributory negligence.

6. SAME—COLLISION AT INTERSECTION—VERDICTS—GREAT WEIGHT OF THE EVIDENCE.

In action by eastbound motorist whose car collided with northbound car at a street intersection not regulated by either traffic light or stop sign, verdict of no cause of action was not against the great weight of the evidence.

7. SAME—HUSBAND AND WIFE—IMPUTED NEGLIGENCE.

The contributory negligence of plaintiff husband, motorist, is not imputable to plaintiff wife, passenger.

8. SAME—HUSBAND AND WIFE—CONTRIBUTORY NEGLIGENCE—REVERSAL OF DOCTRINE OF IMPUTED NEGLIGENCE.

Since the reversal of doctrine of imputed negligence, where a wife is injured while riding in car driven by her husband and their car collides with another as a result of his contributory negligence, the fact of the wife's contributory negligence becomes an issue to be litigated.

9. COSTS—REVERSAL OF DOCTRINE OF IMPUTED NEGLIGENCE—NEW TRIAL.

Upon affirmance of judgment for defendants in action by husband, motorist, arising out of collision at a street intersection, costs are awarded defendants, but upon reversal of judgment for defendants in consolidated case for wife after overturning of doctrine of imputed negligence, costs abide the result of a new trial.

Appeal from Wayne; Moynihan (Joseph A.), J. Submitted January 10, 1946. (Docket Nos. 56, 57, Calendar Nos. 43,022, 43,023.) Decided March 5, 1946.

Separate action of case by Elizabeth Major and Warren P. Major against Southwestern Motor

Sales, Inc., and another for injuries sustained in an automobile accident. Cases consolidated. Verdicts and judgments for defendants. Plaintiffs appeal. Affirmed as to plaintiff Warren P. Major; reversed and new trial granted plaintiff Elizabeth Major.

*Benjamin Marcus,* for plaintiffs.

*Cary & Begole (L. J. Carey* and *George J. Cooper,* of counsel), for defendants.

SHARPE, J. This is a street intersection automobile collision case and involves two law suits. The action by Elizabeth Major is for pain and suffering, inconvenience and ill health. The action by Warren P. Major is for damage to his automobile, loss of wife's services and hospital and medical expenses incurred in caring for his wife, Elizabeth Major. The cases were consolidated for trial. The facts were submitted to a jury who returned a verdict of no cause of action in each case.

It is the claim of Warren P. Major that on March 20, 1941, at about the hour of 2:25 p.m., he was driving his automobile east on Hussar street in the city of Detroit; that the day was clear and the pavement dry; that he was accompanied by his wife, Elizabeth Major; that just before entering Military avenue he came to a stop and looked for traffic from the north and east and then looked south and saw a car approaching 415 feet away; that he started his car in low gear and when he got to the center line of Military avenue, he noticed defendant's car 60 feet away and traveling north on Military avenue; that he then speeded up his car until the front wheels of his car were two or three feet from the east curb of Military avenue when the car driven by defendant E. D. Peters collided with plaintiff's

car; that as a result of this collision plaintiff's wife was severely injured and plaintiff's car was damaged.

The record also shows that this intersection is not regulated by either traffic lights or stop signs; that Military avenue from curb to curb is 38 feet; that when plaintiff stopped his car before crossing Military avenue the front wheels of his car were 17 feet west of the west curb of Military avenue and that in order to get to a place of safety he would have to travel the 17 feet to the curb plus 38 feet, the width of Military avenue, plus the length of his car.

The trial court submitted the cause to the jury and gave the following instruction on the question of the contributory negligence of plaintiff:

"Now, whether or not the plaintiff was guilty of contributory negligence, members of the jury, in determining this question you should use as a standard the ordinary prudence of a person of the age, intelligence, and experience of the plaintiff Warren P. Major under similar circumstances; if the plaintiff did not conduct himself as an ordinarily prudent person of his age, experience and intelligence would have done under similar circumstances, he would be guilty of contributory negligence and could not recover, even though the defendants were guilty of negligence."

For the purpose of this opinion we shall assume that defendant was guilty of negligence. The record also shows that when plaintiff was at the middle of Military avenue he was traveling at a speed of 10 to 11 miles per hour and at such speed could stop his car in a distance of 3 or 4 feet. In our opinion plaintiff was not harmed by the actions of the trial court in submitting the issue of plaintiff's contributory negligence to the jury for their deliberation. If a question of fact was involved then the verdict

of the jury is final as there is substantial evidence to support such a verdict. We do not find any occasion to pass upon the claim that plaintiff was guilty of contributory negligence as a matter of law.

It is next urged that the trial court was in error in failing to instruct the jury as to the law governing the rights and duties of motorists in entering an intersection; in giving the instruction above quoted and in failing to define the duties and standard of care owed by defendants, while emphasizing the duties with which plaintiffs were to be charged. We note that there were no requests to charge presented to the trial court by plaintiffs and at the conclusion of the charge both attorneys expressed their satisfaction with the charge as given. Under such circumstances the rule is as was announced in *Ogland* v. *Detroit Edison Co.*, 261 Mich. 583, where we said:

"Defendant complains because the court instructed the jury that the question of contributory negligence was not in the case, as there was no evidence of contributory negligence. At no time during the trial did defendant claim there was a question of fact on the subject. Its only claim was that plaintiff was guilty of contributory negligence as a matter of law. It presented no request to charge. When the court had completed his charge, he asked whether there were further requests; defendant suggested one, which was given, and no intimation was made that contributory negligence was an issue for the jury. Under familiar rules, as defendant did not request a charge, there was no error in this respect."

See, also, *Anderson* v. *Kearly*, 312 Mich. 566.

However, the above rule does not excuse the giving of erroneous instructions. The instruction complained of varies from the standard of "what the

ordinarily prudent person would do under like circumstances.'' In our opinion the instructions as given did not mislead the jury on the issue of whether plaintiff was guilty of contributory negligence in crossing the street.

We are also of the opinion that the record does not sustain the claim that the judgment for defendants was contrary to the weight of the evidence. The judgment of no cause of action is affirmed as to plaintiff Warren P. Major, with costs to defendants.

The trial court gave the following instruction upon the subject of imputed negligence:

''If you should determine from all the testimony in this record that Warren P. Major was to blame for the happening of the accident, that he was guilty of contributory negligence, that negligence of his can be imputed to his wife. In other words, Elizabeth Major cannot recover in this action if you, in your deliberations, should come to the conclusion that her husband, Warren P. Major, was guilty of contributory negligence or that he was to blame for the happening of the accident, because that is the law of this State, that his negligence can be imputed to his wife.''

The instruction, when given, was correct, but recently our court has reversed its policy relating to imputed negligence. See *Bricker* v. *Green,* 313 Mich. 218 (163 A. L. R. 697).

In view of such fact the contributory negligence of Elizabeth Major now becomes an issue to be litigated. The cause is reversed and a new trial granted to Elizabeth Major in accordance with the decision of *Bricker* v. *Green, supra.* Costs as to Elizabeth Major will abide result of new trial.

BUTZEL, C. J., and CARR, BUSHNELL, BOYLES, REID, NORTH, and STARR, JJ., concurred.